[No. 567.   Decided October 25, 1892.]

CORA M. FITZGERALD, *Respondent*, v. SCHOOL DISTRICT No. 20 OF SPOKANE COUNTY, WASHINGTON, *et al.*, *Appellants*.

SCHOOLS AND SCHOOL DISTRICTS — EMPLOYMENT OF TEACHER — ACTION FOR SALARY — PLEADING — EVIDENCE — TEACHER'S CERTIFICATE.

In an action to recover for services as a school teacher, from which position plaintiff was discharged before the expiration of her term of employment, where the allegations of the complaint regarding her employment by the school directors are admitted by the answer, proof as to the manner of employment is unnecessary, and errors committed by the court in the admission of evidence to prove her employment are immaterial.

In such an action, the introduction by plaintiff of a document which is in form a regular first grade teacher's certificate, signed by the county superintendent of schools and two examiners, dated September 1, 1890, and effective for a period more than covering the time of her employment, and which she states was delivered to her by the county superintendent as a teacher's certificate, is *prima facie* proof of her possession of a certificate entitling her to teach at the time she was employed.

*Appeal from Superior Court, Spokane County.*

*Jones & Voorhees,* and *Allen & Hinkle,* for appellant.

*Knight & Hopkins,* and *Jesse Arthur,* for respondent.

The opinion of the court was delivered by

STILES, J.— The force of the points made by the appellants in this case, excepting one, is entirely obviated by reference to the pleadings. The third paragraph of the complaint alleged that on the 8th day of September, 1890, the plaintiff and the school directors mutually agreed that plaintiff should serve the district as school teacher, at the city of Cheney, and that she should be employed as teacher for the term of one school year, commencing on the 8th day of September, at a monthly salary of $45.00. The third paragraph of the answer admitted the allegations of the employment alleged in the complaint. In this state of the pleadings it was not necessary for the plaintiff to offer any proof as to the manner of employment, and therefore such errors, if any, as the court may have made in connection with the plaintiff's attempt to prove an employment in writing were immaterial, as was also the remark of the court in the presence of the jury that the plaintiff was employed to teach, which was objected to.

The point that plaintiff was not shown to have been the possessor of a certificate entitling her to teach at the time she was employed is not well taken. She produced a document which was in form a regular first grade certificate, dated September 1, 1890, and good for three years, signed by the county superintendent of schools and two examiners. She was not able to say that she saw the certificate signed, nor did she attempt to prove the signatures of the superintendent and committee, but she stated that the paper was delivered to her by the superintendent as a teacher's certificate. We think that, *prima facie,* the court was entitled to presume that it was a regular certificate.

8—5 WASH.

The question whether the board of directors of the district were authorized by the facts of the case to discharge the respondent after she had taught the school two months under her contract for a nine months' term was fairly submitted to the jury, and we are not in any wise disposed to disturb their finding.

No point was made in the court below on the failure of the respondent to appeal from the order of the board of directors discharging her, in accordance with Gen. Stat., § 797, and it cannot, therefore, be raised here for the first time.

Judgment will be affirmed.

ANDERS, C. J., and SCOTT, HOYT and DUNBAR, JJ., concur.