[No. 3012.   Decided October 15, 1898.]

ANNA M. SPLAINE, *Respondent,* v. SCHOOL DISTRICT No. 122, SPOKANE COUNTY, WASHINGTON, *et al., Appellants.*

SCHOOL DIRECTORS — CONTRACT EMPLOYING TEACHER — ANNULMENT —
MEETINGS — PRESUMPTIONS AS TO REGULARITY.

The board of directors of a school district have power to engage a teacher for the ensuing year, notwithstanding the fact that there would be a change in the membership of the board before the time for the commencement of the term should arrive.

School directors are not authorized to annul the contract made by their predecessors employing a teacher, although there was objection on the part of citizens that she was incompetent, if she was legally qualified to teach, and nothing has since occurred to warrant the annulment of the contract.

The fact that a teacher was hired at other than the stated and regular meeting of the board of directors would raise the presumption, in the absence of proof to the contrary, that the meeting was held in pursuance of an adjournment of a regular meeting.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.    Affirmed.

*Danson & Huneke,* for appellants:

A school district in this state can only act through its board; the board cannot act individually, but must act as a body and at a meeting at which all members are present, or at which a majority is present, and due notice of such meeting has been given to the absent member. *Currie v. School District,* 27 N. W. 922; *Andrews v. School District,* 33 N. W. 218; *Bentley v. County Commissioners,* 25 Minn. 259; *Casto v. Board of Education,* 18 S. E. 923; *Thompson v. Williams,* 18 Pac. 153 (9 Am. St. Rep. 187); *Paola & F. R. Ry. Co. v. Commissioners,* 16 Kan. 303; *Mincer v. School District,* 27 Kan. 255; *Aikman v. School District,* 27 Kan. 129; *School Town of Milford v. Powner,* 26 N. E. 484.

*S. G. Allen, A. G. Starkey,* and *James Dawson,* for respondent:

Appellants' contention that no notice of the meeting at which respondent was employed was given to Director Green is not supported by evidence.    If any presumptions are to be indulged in, we submit they are to the effect that Green had full knowledge of the meeting.    All public officers are presumed to do their duty.    *Stephens v. Spokane,* 11 Wash. 41; Mechem, Public Officers, § 579.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff brought this action on a contract in writing entered into with the directors of the district engaging her to teach the district school.    The appeal is from a judgment rendered on an instructed verdict in her favor.    While not considering the questions in

detail in the order in which they are presented in the appellants' brief, all the material ones are included in the following: The contract was entered into on May 9, 1895, for a term of nine months, to commence on the 16th day of September thereafter. At that time J. G. Weeks and W. H. Greene were members of the board of directors of said district, but were soon succeeded by Brown and Denman. At the directors' meeting held on May 9th, a number of the citizens of the district appeared before the board and objected to the employment of the plaintiff as a teacher. On the succession of the new members of the board, but before the time the term was to commence, said board attempted to annul the contract, and employed another teacher to teach the school. The plaintiff tendered her services as a teacher in pursuance of the contract, but was not permitted to teach, and brought this action for damages, the amount she recovered being the sum stipulated in the contract, less the sum of $123.50, which she had earned elsewhere by teaching during the term covered by the contract. Under the holding of this court in *Taylor v. School District,* 16 Wash. 365 (47 Pac. 758), the board of directors on May 9th, at the time the contract was entered into, had the power to engage a teacher for the ensuing year, notwithstanding the fact that there would or might be a change in the membership of the board before the time for the commencement of the term should arrive. The fact that a number of the citizens objected to the employment of the plaintiff as a teacher, and alleged that she was an incompetent person therefor, would not affect the power of the board, even though their action was ill-advised. She was legally qualified to teach, and no fraud of any kind in her employment is shown. After the contract was entered into, and prior to the time of the meeting of

the subsequent board, wherein it was attempted to annul the contract, it is not shown that anything new had transpired to authorize its annulment.

It appeared that but two of the directors were present at the meeting on May 9th and it is contended that the third member, Mr. Greene, had no notice of the meeting, and that the court erred in denying the motion for a non-suit at the conclusion of the plaintiff's case, and also in directing a verdict for the plaintiff when the evidence was concluded, for that reason. It is conceded that a majority of the board could act, but contended that they could act only at a regular meeting, or at a special meeting whereof due notice had been given to all members of the board, so that all might have an opportunity to be present and hear such objections as should be presented; and we assume that to be the law. But the presumptions are in favor of the regularity of the proceedings, and it was incumbent on the defendants to show the defects, if any. There was no proof, or offer to prove, that the meeting held on May 9th was not in pursuance of an adjournment of a regular meeting, and, although there was some attempt to prove by Mr. Greene's wife—he not being present at the time of the trial—that he was not notified, by asking her a preliminary question as to whether she knew whether he had been notified or not, to which an objection was interposed by the plaintiff and sustained by the court, we think no error resulted; for, conceding that he had no notice, the meeting may have been held in pursuance of an adjournment of a regular meeting as stated, and the presumption, in the absence of proof, is that it was. It was proven by the defendants that Mr. Greene signed the contract in question at his home the next morning after the meeting. The meeting was very generally known among, and attended by, the residents of the district.

Affirmed.

Reavis, Anders, Gordon and Dunbar, JJ., concur.