47 Wn.2d 42 (1955)
287 P.2d 96
In the Matter of the Appeal of ERWIN S. BLACK from an Order of the County Superintendent of Schools of Benton County.
THE BOARD OF DIRECTORS OF KENNEWICK SCHOOL DISTRICT NO. 17, Respondent,
v.
MABEL BLACK, as Administratrix, Appellant.[1]
No. 33103.
The Supreme Court of Washington, Department Two.
July 28, 1955.
Edward B. Critchlow, for appellant.
Fulk & Leeper, for respondent.
The Attorney General and Michael Alfieri, Assistant, amici curiae.
ROSELLINI, J.
Erwin S. Black was employed by written contract on April 17, 1951, to serve as superintendent of schools for Kennewick school district No. 17, Benton county, for a period of three years, beginning July 1, 1951. On March 30, 1953, he was suspended by action of the newly-elected board of directors of the school district, and on May 25, 1953, his contract was terminated. An appeal was taken to the county superintendent, who heard evidence, listened to arguments of counsel, and made findings wherein she listed the charges on which the school board based its action in dismissing the appellant. She found that eight of the charges were unsubstantiated by the evidence, *44 but that under the remaining seven, the school board had established cause for dismissal.
In accordance with the provisions of Rem. Rev. Stat., § 5065 [cf. RCW 28.88.020, 030], Black appealed to the superintendent of public instruction, who reviewed the record and concurred with the county superintendent that eight of the charges had not been substantiated. As to the remaining charges, the superintendent of public instruction made findings on the basis of which she reversed the Benton county superintendent's order and determined that the school district was liable for the balance of the compensation due under the contract of employment.
The board of directors petitioned the superior court of Thurston county for a writ of certiorari to review the action of the state superintendent. The record of the proceedings had before the county superintendent and the superintendent of public instruction was certified to the superior court, together with exhibits, and upon a review of this record, the superior court reversed the order of the superintendent of public instruction and reinstated the county superintendent's findings and order.
Erwin S. Black appealed to this court, assigning error to three of the superior court's conclusions of law. He died on October 5, 1954, and his administratrix was substituted as appellant. For clarity, we will refer to the deceased as the appellant, to the board of directors of Benton county school district No. 17 as the respondent and/or the school board, and to the superintendent of public instruction as the state superintendent.
[1] The original record of the administrative proceedings, which was filed in the superior court by the state superintendent and which was reviewed under the writ of certiorari, has been certified to this court by the clerk of the superior court, at the request of the appellant. In view of the fact that no evidence was taken before the judge of the superior court, who was confined to a review of the record which we now have before us, there were no proceedings properly includible in a statement of facts, and respondent's *45 objection that none has been filed is without merit. See Corbett v. Civil Service Comm., 33 Wash. 190, 73 Pac. 1116.
The superior court's ultimate conclusions, to which error is assigned, are phrased substantially in the words of subdivisions (3), (4), and (5), Laws of 1895, chapter 65, § 12, p. 116 [cf. Rem. Rev. Stat., § 1010 (RCW 7.16.120)], which define the questions to be determined on certiorari. Briefly stated, they are that the state superintendent, in making her determination, violated the rules of law affecting the rights of the parties and that the evidence was insufficient to support her determination.
[2, 3] In support of these conclusions, the court entered four "findings," which are in reality mixed findings of evidentiary fact and conclusions of law. Respondent urges that, since no error was assigned to these findings, in accordance with Rule on Appeal 43, 34A Wn. (2d) 47, as amended effective January 2, 1953, they must be taken as the established facts of the case. The rule has no application in a certiorari proceeding where findings of fact, other than jurisdictional facts, are not required  the court being limited by statute to the consideration of questions of law. Furthermore, where the trial court did not have the advantage of seeing and listening to witnesses, its findings are not binding upon this court and may be disregarded where they are based upon a written record that is before us in its entirety. State ex rel. Pac. Fruit & Produce Co. v. Superior Court, 22 Wn. (2d) 327, 155 P. (2d) 1005. We may, therefore, determine the merits of the questions raised by the respondent in the superior court.
In so far as the record discloses, the errors urged by the respondent before the superior court relate to the authority of the state superintendent to make findings of fact, the sufficiency of the evidence to support the findings which she made, and the propriety of her conclusions of law. Our review is limited to a determination of whether these errors did, in fact, occur.
We may concede that, as the superior court said in one of *46 its findings, the evidence does not preponderate against the findings of fact made by the county superintendent. But the state superintendent's order was based upon additional findings of fact and the application of a different rule of law as to what constitutes cause for dismissal.
The only order before the superior court for review was the order of the state superintendent. If she had authority to make findings of fact, her findings cannot be set aside by the courts in a certiorari proceeding unless they are unsupported by the evidence.
[4] It is true that, as the respondent argues, the state superintendent is limited to a review of the record made before the county superintendent, since it is provided in Rem. Rev. Stat., § 5068 [cf. RCW 28.88.070], that on the hearing of an appeal before the superintendent of public instruction, no new evidence may be taken. In reviewing the record, however, the state superintendent is not forbidden to make findings of fact. The practical difficulties which would arise from such a restriction are apparent in the case at hand. The question before the state superintendent on an appeal by a discharged employee, whether there was cause for his dismissal, is one of mixed law and fact. To require her to segregate the legal from the factual aspects of this question, would be to assume that she is as well trained in jurisprudence as in administration. When the legislature assigns a judicial function to an administrative officer or board, it does so because the matters to be decided by that officer or board are best handled by those having a specialized knowledge or expertise. The superintendent of public instruction, whose responsibility it is to administer the public school laws and who, we may assume, has in mind the policies most conducive to healthy relations between school boards and their employees, would find her peculiar knowledge of little value in making a determination if she were not allowed to extract from the record the facts which she believes to be important or controlling, simply because these facts did not appear significant to the county superintendent. The hearing before the *47 county superintendent was not conducted with the formalities of a court trial, nor is it required to be, and the parties did not make proposed findings of fact but were dependent upon the impartiality and discernment of the superintendent.
The state superintendent did not make a finding of fact, upon conflicting evidence, contrary to that of the county superintendent in this case, therefore, it is unnecessary to consider whether she would have been justified in doing so.
[5] The record shows that the school board approved of and acquiesced in the acts which, according to the county superintendent's findings, had been done by the appellant. The state superintendent upset none of the evidentiary facts found by the county superintendent, when she took note of these matters of record. In making the findings of fact necessary to her determination that appellant's dismissal was unwarranted, the state superintendent did not go outside the record, but acted within the limits of her statutory authority. Her findings, having substantial basis in the evidence, cannot be disturbed on certiorari.
The superior court found that the board's suspension of appellant and the subsequent termination of his contract were justified, based upon reports of the state auditor and a Federal investigator disclosing irregularities in the previous administration's conduct of its affairs, which gave the new board reasonable grounds to believe that "something was wrong with the financial management of their school district as undertaken by the administration under their superintendent of schools" (the appellant).
Both the state and county superintendent, as well as the superior court, recognized that certain irregularities had occurred in the business management. They differed in their decisions only as to where the responsibility for them rested. The superior court held that the school board operates under its superintendent; the state superintendent decided that the board is charged by statute with the management, supervision, and control of the affairs of a school district. The appellant, she found, was an employee and *48 subject to the direction of the board in all activities, and when the board had approved his actions, they became the actions of the board and could not be used as a basis for appellant's discharge.
The board of directors of first-class school districts is empowered to
"... employ for a term of not exceeding three years a city superintendent of schools of the district, and for cause to dismiss him; and to fix his duties and compensation...." (Italics ours.) Rem. Rev. Stat., § 4805 [cf. RCW 28.62.180].
While the powers and duties of school directors are defined in detail by statute, no statutory duty is imposed upon the superintendent.
Since it is incumbent upon the board to fix the duties of the superintendent, and "cause for dismissal" not being otherwise defined, it would seem that such cause must be some breach of the duties prescribed, or misconduct which affects their performance, or reflects discredit upon the school district.
[6] The appellant was not charged with any conduct involving moral turpitude, unless charges that he misinformed the board on certain matters can be so classified; and both the county and state superintendent found that these charges were unsubstantiated. While there is evidence that he failed or refused to devote his time to carrying out the requests of one of the board members, there is nothing in the record to indicate that he refused to perform the duties prescribed for him by the majority or performed these duties to their dissatisfaction. It would be unreasonable to require a superintendent to perform tasks that individual board members prescribe for him in addition to those required by official board action, when the latter are of such proportions as to demand all of his time. The conflicts which would inevitably result from such a policy would make the employee's position intolerable and lead to inefficiency in the performance of his duties. The board functions as a unit, and its policies are determined by the majority and *49 manifested in its official acts; it is to these acts that the superintendent must respond.
Nor was it shown that the appellant was incompetent in the performance of the duties prescribed for him by the board. According to evidence introduced in his behalf, during the thirty years that appellant served as superintendent of Kennewick schools, the district grew from a second-class to a first class school district, and the number of school children increased from six hundred eighty to four thousand three hundred fifty. He was instrumental in securing Federal and state funds to finance the construction of buildings to house these children and in securing government surplus property for use in the school district. In order to secure surplus property which was needed, the school board was required to accept other items for which it had no use. The loaning and trading of these latter items, without prior government approval, constitute a number of the irregularities for which appellant was discharged.
Respondent in its brief suggests that it was the duty of appellant to inform the board when it was not proceeding in strict accordance with the law. The record reveals no allegation or evidence that the appellant failed to advise the board of its obligations or that the board was not as fully informed as he.
No breach of the duties prescribed for the appellant having been shown, the state superintendent was correct in holding that he could not be discharged for performing his duties in a manner expressly approved by the board.
There is another reason why the state superintendent was correct in her determination. With minor exceptions, the matters of which the board complained occurred before April 17, 1951, the date of appellant's contract, and, in the absence of fraud, only a breach of duty occurring subsequent to that date could justify the termination of the appellant's contract.
[7] We have held that a school board is a corporation representing the district, and while the personnel of its membership changes, the corporation continues unchanged. Its contracts are the contracts of the board, and not of its *50 individual members, and they remain binding regardless of changes in personnel. Taylor v. School Dist. No. 7, 16 Wash. 365, 47 Pac. 758. And in Splaine v. School Dist. No. 122, 20 Wash. 74, 54 Pac. 766, we held that where the former members of a board entered into a contract with a teacher, despite protests of local citizens who considered her incompetent, the members who succeeded them could not annul the contract, no fraud in its procurement having been shown and nothing new having occurred to justify her dismissal. In the case before us, the school board contracted with the appellant with full knowledge of the past actions which it now assigns as causes for his discharge.
The judgment is reversed, and the cause is remanded to the superior court with direction to reinstate the order of the state superintendent.
HAMLEY, C.J., MALLERY, HILL, and WEAVER, JJ., concur.
September 22, 1955. Petition for rehearing denied.
NOTES
[1] Reported in 287 P. (2d) 96.