[No. 37027.    Department Two.    May 13, 1965.]

ANDERSON FEED & PRODUCE COMPANY, INC., *Appellant,* v. FRANCIS J. MOORE *et al., Respondents.*\*

*Ken Earl* and *Guttormsen, Scholfield, Willits & Ager,* for appellant.

*Gavin, Robinson, Kendrick & Redman* and *Miller, Jansen & Sackmann,* for respondents Moore and Mellor.

*Clarke, Clarke, Albertson & Bovingdon,* for respondents Hartford Fire Insurance Company, The American Insurance

*Reported in 401 P.2d 964.

Company, The Seven Provinces Insurance Company, Ltd., and Underwriters at Lloyd's London.

FINLEY, J.—This lawsuit by plaintiff-appellant, Anderson Feed & Produce Co., Inc., is to recover damages respecting certain fire losses not specifically covered under several fire insurance policies, sold to plaintiff by a firm of local insurance agents.

■ After the fire, it became apparent that the plaintiff was underinsured. Four insurance carriers admit liability for only a portion of the fire losses. As to the additional loss, the plaintiff's lawsuit seeks to impose liability upon the four insurance companies and upon Moore & Mellor, a local insurance agency, for alleged defects in the insurance coverage provided by the defendants. At the end of the plaintiff's case the trial judge ruled that plaintiff's evidence was not sufficient to support the asserted claims for relief. This ruling presents the issues in this appeal. The controlling rule of law is of course quite clear:

> a challenge to the sufficiency of the evidence, . . . admits the truth of the opponent's evidence, together with all reasonable inferences arising therefrom, and requires a most favorable interpretation thereof. No element of discretion is involved, and such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim. *Frasch v. Leedom,* 62 Wn.2d 410, 414, 383 P.2d 307, 310 (1963).

However, application of the rule requires a review of the evidentiary record adduced in the presentation of plaintiff's case in the trial court. The plaintiff is a corporation engaged in the storage, purchase and sale of grains and in the sale of feeds and farm supplies in Othello, Washington. The corporation is principally owned and managed by Newell F. Anderson. The plaintiff's evidence indicates that, in 1959, Anderson decided to place all of his insurance needs with Moore. Moore suggested that Anderson use a provisional reporting form or policy to cover the inventories in the elevator, warehouse and store. Moore explained that the policy required monthly reports of inventory. Anderson testified

that he told Moore that it would be too much trouble to make monthly reports on all of his inventories. Anderson claims that Moore told him that all he had to do was to send Moore monthly reports of the fast-changing items of grain, and Moore would pick up the stable items of inventory from corporate bookkeeping or balance sheets that Anderson would send him. Moore had Anderson sign a pad of blank provisional reporting forms.

The plaintiff's physical plant was completely destroyed in June of 1961. The last monthly report, which under the policy determines coverage, stated that the plaintiff had an inventory of $19,809.63. After the fire, it was determined that the actual cash value of the inventory was $54,509.63. The insurance companies claimed their liability was limited to 19,809.63/54,509.63 of the actual inventory loss of $48,-999.51, which is $17,807.17. As to the difference between this sum and the cash value of the inventory lost in the fire, Anderson blames the underreporting by Moore.

The first claim of the plaintiff corporation is against the four defendant insurance companies. The plaintiff contends that it supplied Moore with all the figures he requested for the reports; also, that Moore was an agent of the four companies, and that they are bound by his knowledge, and that the condition of full reporting has been satisfied; thus, the defendant companies are liable for the full loss. We do not agree. The policies all provided that:

> It is a condition of this policy that the insured shall report in writing to this company on the last day of each calendar month of the policy term, the exact location of all property covered hereunder, the total cash value of such property at each location and the amount of creditable specific insurance in force at each location, all as of the last day of that month; however, a grace period of thirty (30) days shall be allowed for compilation and submission of such reports to this company.

Even further, the back of the reporting form which Anderson signed in blank, and which he used to send information to Moore, contained the following clear warning:

WHO SHOULD REPORT: The report should be made by you and signed by one of your responsible officials and *not* by your agent or broker. No agent or broker is authorized to relieve you of the responsibility for reporting values to the Company or to assume it for you.

■ It is clear that Anderson had notice of the limitation of Moore's authority. Therefore, the plaintiff cannot maintain that there was apparent authority for Moore to act for the company in accepting the information supplied to him by the plaintiff. Since the issue here is coverage of the policy rather than a forfeiture of the policy, the plaintiff's evidence has failed to establish either waiver or estoppel against the insurance companies. Consequently, the plaintiff has failed to present a case against the four defendant companies. *Commonwealth Ins. Co. of New York v. O. Henry Tent & Awning Co.,* 287 F.2d 316 (7th Cir. 1961); *Albert v. Home Fire & Marine Ins. Co. of California,* 275 Wis. 280, 81 N.W.2d 549 (1957).

The plaintiff relies on *American Eagle Fire Ins. Co. v. Burdine,* 200 F.2d 26 (10th Cir. 1952), where the court held that the company was bound by an oral report by the insured to the agent which the agent failed to pass on to the company. However, that case is not persuasive, because there the court held that the company had allowed the agent to help the insured make the reports. In fact, the insured had never made the reports. He had always called the agent and given him the information. The agent in turn would fill out the report and sign his own name and send it to the company. The court ruled that the company had invested the agent with implied or apparent authority to receive the information. In the present case the policy and reporting forms limited the authority of the agent. Further, the companies always received forms signed by Anderson. The company simply did not have any knowledge that the agent was making out the reports for Anderson.

The trial court also ruled that the plaintiff failed to state a claim against the defendant Moore. Once again, the applicable rule requires that the plaintiff's evidence be taken as true with all reasonable inferences in determining whether

the evidence was sufficient to support the claim and to present a case for the jury. Indulging this pertinent presumption, it seems to us there is substantial evidence establishing that Moore agreed to make out the monthly reports. He further instructed Anderson to send only the variable grain inventories each month, stating that he would pick up the stable inventories from periodic balance sheets. This presented a case for the jury at this stage of the trial, and the trial court erred in dismissing this claim.

The trial court also excluded a letter written by Moore to the insurance companies in which he explained how the plaintiff was underinsured. Since the letter contained statements that can be construed as admissions of a party opponent, it was admissible.

The final claim of the plaintiff against Moore involves a different set of facts. In April of 1961, Anderson started an addition to his grain elevator. Moore stopped by to see Anderson, and Anderson told Moore he would need $25,000 insurance on the addition to secure a Small Business Administration loan on the addition. Moore suggested a policy that would increase coverage as the addition was being constructed, with Anderson reporting when the construction reached different stages of development. Anderson did not then authorize the insurance. Anderson testified that on June 19, 1961, he was reminded by his assistant that he had not notified Moore that the construction was nearly done. Anderson claims to have called Moore and told him about his failure to report and that the construction was almost done. Anderson testified that "Mr. Moore assured me that he would take care of my insurance needs and that he would also come up and see me . . . ." Moore did stop in on June 22, 1961, but Anderson had gone to a family reunion in Idaho, so the two did not discuss the problem further. On June 25, 1961, the new construction was destroyed along with the rest of the plaintiff's buildings. This testimony presents a jury question, and it was error to dismiss the claim.

■ The trial court required the plaintiff to decide whether he was suing Moore on this last claim under contract or tort theory. Both theories have been recognized in this state. *Roberts v. Sunnen,* 38 Wn.2d 370, 374, 229 P.2d 542, 544, 29 A.L.R.2d 165 (1951) (using tort principles); *Bates v. Bowles White & Co.,* 56 Wn.2d 374, 378, 353 P.2d 663, 666 (1960) (using contract principles). Since the remedy, *i.e.,* damages, is the same under both theories, there is no reason to require an election in this case. *Barber v. Rochester,* 52 Wn.2d 691, 694, 328 P.2d 711, 713 (1958). The plaintiff has the right to send both theories to the jury, especially in cases like the present where the fine line between the two theories in this area can depend upon how the fact finder views the facts. In a case where the plaintiff was suing a tire manufacturer for damages arising out of an accident caused by a blowout of a tubeless tire, the defendant argued that the plaintiff had to choose between suing in contract on breach of warranties or suing in negligence. The court held:

> Although Federal Rule 18, 28 U.S.C.A., does not alter the state substantive law which prohibits the simultaneous urging of inconsistent claims, claims whose success is dependent upon the establishing of contradictory facts, the flexible federal rules of procedure were designed to meet problems identical in principle with the one in issue. A defendant cannot compel a plaintiff to choose at his peril the theory upon which he intends to rely and thereby possibly defeat a recovery where two consistent, concurrent or cumulative theories can be urged without prejudice to the defendant's ability to defend. If an actionable wrong has taken place recovery is to be granted regardless of theory and relief must not be denied through the vehicle of a forced election. *Senter v. B. F. Goodrich Co.,* 127 F. Supp. 705 (D. Colo. 1954) (Footnotes omitted.)

Thus the trial court erred in requiring the election.

■ The plaintiff also claims error in the exclusion of an expert opinion that a prudent insurance agent would have bound coverage under hypothetical facts similar to this case. The trial court would have allowed the plaintiff to use the expert to explain the custom and practice in this area

of insurance practice, but the trial court refused to let the expert testify as to his opinion. The issue here is simple: Did the agent agree to bind coverage, and did he use reasonable care? While other matters in the field of insurance may require expert aid to help jury deliberation, this is certainly not an issue of science requiring expert opinion. *Thomas v. Inland Motor Freight,* 190 Wash. 428, 441, 68 P.2d 603, 609 (1937).

The other errors assigned by appellant have been reviewed and are without merit. The order dismissing the claim against the four defendant insurance companies is affirmed. The order dismissing the claims against the defendant Moore is reversed, and a new trial is granted as to those claims.

DONWORTH, OTT, HUNTER, and HALE, JJ., concur.

