ROBERT T. DALY, *Appellant*, v. SHELTON SCHOOL DISTRICT
309, *Respondent*.

*Owens & Johnson, Frank J. Owens,* and *F. Parks Weaver,
Jr.,* for appellant.

*Murray, Armstrong & Vander Stoep* and *J. A. Vander
Stoep,* for respondent.

PEARSON, J.—Plaintiff appeals from a judgment dismissing his action against defendant after the trial court, sitting with a jury, sustained a challenge to the sufficiency of his evidence.

The plaintiff-appellant, Mr. Daly, was a certified school psychologist in California. He and Shelton School District 309 entered into negotiations which resulted in a written employment contract signed by appellant on September 2, 1965. Plaintiff reported as ordered on the first day of school (September 8) and was issued supplies and installed in his new office. The next evening (September 9), he went house

hunting and in the course of this enterprise had a dispute with a Shelton resident. The next day, after an encounter with the district personnel director, plaintiff stopped to see Mr. Quiggle, the school superintendent. Quiggle told plaintiff that his contract was in jeopardy and that his application for Washington provisional certification was being held in the superintendent's office so that the school board would not be given the opportunity to immediately discharge plaintiff. When this certificate was ultimately processed, the testimony revealed that the certification related back to the date of application (September 10, 1965). The usual cause of delay in such matters is the high volume of work around the beginning of school. Anyone with a letter of qualification, which plaintiff had, would be certified as soon as the paper work could be done.

Plaintiff left Shelton on Friday (September 10) after his meeting with Mr. Quiggle and went to visit his sister in Seattle. The next Wednesday (September 15) he telephoned Quiggle and reported he was ill but would return the next day. On Thursday plaintiff and Quiggle once again met, and after being apprised of the situation and ordered to return his supplies and keys, plaintiff received, at his request, a document which read:

To Whom it May Concern:

Mr. Robert Daly may negotiate for a new position without jeopardizing his professional standing.

Although a contract has been issued to Mr. Daly by School District No. 309, he has not been authorized to function professionally within our District.

Robert H. Quiggle

Plaintiff then returned to Seattle and ultimately was required by his financial needs to return to California and there pursue substitute teaching. In October, Mr. Quiggle proposed that plaintiff return to Shelton,[1] but before he was

---

[1]On October 21, Quiggle mailed plaintiff a letter which reads, in part:

You will receive on October 29th a district warrant for the five days you served in September and the six days you will be able to work in my office in October. We are counting each of these days on the basis of $34.45, which is 1/200 of your contracted salary.

able to do so, an election occurred and as a result of a school board reshuffling, Mr. Quiggle was replaced as superintendent. Finally, on December 14, 1965 the school board took its first official action and sent plaintiff a letter notifying him he had voluntarily quit his employment.[2]

This action was filed and a motion for summary judgment for plaintiff was denied. After hearing plaintiff's evidence, the trial court, sitting with a jury, granted a defense motion for dismissal with prejudice under RCW 4.56.150. Both this dismissal and failure to grant summary judgment are before us here.

We agree with the trial court that the motion for summary judgment under CR 56 should have been denied. As we will discuss more fully below, a material issue of fact was raised about whether the evidence the parties presented demonstrated a dismissal, breach of the contract, or a voluntary abandonment of the contract. It was by no means clear on the record the trial judge had in considering this motion which of these alternatives was, in fact, true. When such issues of material fact are raised, granting sum-

---

Your pay in November will be figured on this same basis, as will December, January and February. For March, April, May, June, July and August your pay will be on the normal basis of 1/12 of your contracted salary per month. By serving the full 200 days of your contract, you will receive your full contracted salary for the 1965-66 term."
Plaintiff has not received any funds at all under this contract.

[2]"Dear Mr. Daly:
    A review of your file indicates that you voluntarily quit your employment with this District on September 16, 1965, and thereby terminated your contract of employment dated August 26, 1965.

Very truly yours,
BOARD OF DIRECTORS,
Shelton School District No. 309
Douglas K. Larson, Chairman
Virginia P. Martig
B. Franklin Heuston
Richard C. Brewer
Lester Spilseth
        Attest: Doris K. Hillman,
            Clerk"

mary judgment is not authorized under CR 56. *Maki v. Aluminum Bldg. Prods.*, 73 Wn.2d 23, 436 P.2d 186 (1968).

■ While we agree that summary judgment should not have been granted in this case, we find that we must reverse the trial court's granting of a motion for dismissal with prejudice under RCW 4.56.150. The trial court found, and we agree, that there was no official action on the part of the school board to dismiss plaintiff. RCW 28.58.100 authorizes the board of directors of school districts to employ and for sufficient cause discharge teachers. The authority to discharge a teacher is exclusive to the board, *Lande v. South Kitsap School Dist.*, 2 Wn. App. 468, 469 P.2d 982 (1970), and must be exercised in conformity to RCW 28.58.450.[3] *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963). The first official school board action taken in this case was the letter of December 14, 1965. That letter did not purport to be a letter of discharge. It specified

---

[3]"Every board of directors determining that there is probable cause for the discharge of a teacher, principal, supervisor, or superintendent shall notify such employee of its decision, which notification shall specify the probable cause for discharge. Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors of the district within ten days after receiving such notice, be granted opportunity for hearing before the board of directors of the district, to determine whether or not there is cause for discharge. The board upon receipt of such request shall call the hearing to be held within ten days following the receipt of such request, and shall at least three days prior to the date fixed for the hearing notify such employee in writing of the date, time and place of the hearing. The employee may engage such counsel and produce such witnesses as he or she may desire. The board of directors shall within five days following the conclusion of such hearing notify such employee in writing of its final decision. Any decision to discharge such employee shall be based solely upon the cause for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause for discharge.

"*In the event such notice and opportunity for hearing is not timely given by the district, or in the event cause for discharge is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged for the duration of his or her contract.*

"If such employee does not request a hearing as provided herein, such employee shall be discharged." (Italics ours. This statute was in effect at the time of the controversy and subsequently amended by the 1969 legislature.)

no grounds for discharge and gave no notice of its intention to discharge. It only served as self-serving notice of the board position that plaintiff had voluntarily quit. Such a letter is insufficient to serve as a notice of dismissal. *Foster v. Carson School Dist. 301, supra.*

We are thus faced with a situation in which there has been no official discharge of plaintiff. We must disagree with the trial court in its ruling that the lack of a discharge is fatal to plaintiff's case. It seems to us that lacking any discharge, plaintiff's contract was still in force unless some other circumstance terminated it. RCW 28.58.450. We find it impossible as a matter of law to determine whether such a circumstance did or did not exist in this case. The question is thus one of fact for the jury.

■ The trial court here dismissed on the authority of RCW 4.56.150. In a jury case, such a dismissal requires that the court determine as a matter of law that a prima facie case has not been made out. *Hemmen v. Clark's Restaurant Enterprises,* 72 Wn.2d 690, 434 P.2d 729 (1967). The trial court may not decide disputed questions of fact in a challenge to the evidence in a jury case, but can only consider the sufficiency of such evidence. *Hughes v. Stusser,* 68 Wn.2d 707, 415 P.2d 89 (1966) and cases cited therein. A challenge to the sufficiency of the evidence admits the truth of the opposing party's evidence and all reasonable inferences therefrom and requires that the evidence be viewed most strongly against the moving party. *Colagrossi v. Hendrickson,* 50 Wn.2d 266, 310 P.2d 1072 (1957); *Anderson Feed & Produce Co. v. Moore,* 66 Wn.2d 237, 401 P.2d 964 (1965).

Applying these rules, it was error to sustain the challenge. The evidence indicates that plaintiff was told his contract was in jeopardy. Mr. Quiggle admitted delaying plaintiff's certification application to prevent his discharge. Plaintiff himself said that financial need forced him to return to California, because he had been fired by the Shelton schools. Return of supplies, keys and records was required of plaintiff by the superintendent (by plaintiff's testimony)

before he left Shelton, after having received the notice set out above, stating that he was not permitted to function professionally in Shelton. Finally, on October 21, Mr. Quiggle acted by letter to invite plaintiff's return. These facts, combined with the failure of the directors to ever officially discharge plaintiff, seem to us to make out a question for the jury as to what, in fact, did happen. In the face of this, granting the motion to dismiss was error and this case must be remanded for retrial and jury consideration of whether or not plaintiff abandoned the contract or whether his failure to work at the district was excused by the actions of the superintendent or inaction of the directors.

Reversed and remanded for a new trial. Costs on appeal and attorney's fees pursuant to RCW 28.58.490 will abide the outcome of a new trial.

ARMSTRONG, C. J., and PETRIE, J., concur.

[No. 311-2.   Division Two.   October 5, 1970.]