[No. 42894.   En Banc.   August 29, 1974.]
THE DEPARTMENT OF MOTOR VEHICLES, *Petitioner*, v. GARY
H. ANDERSEN, *Respondent*.

*Slade Gorton, Attorney General*, and *James R. Silva* and
*David Minikel, Assistants*, for petitioner.

*Allan W. Munro*, for respondent.

HAMILTON, J.—The sole issue involved in this appeal is
whether a jury trial is allowable in a superior court review
of a Department of Motor Vehicle's administrative revoca-
tion of a driver's license pursuant to provisions of the "im-
plied-consent, intoxication-tests" statute (RCW 46.20.308).

On March 10, 1972, respondent, Gary H. Andersen, was
arrested by an officer of the Medina Police Department and
charged, *inter alia*, with driving while under the influence
of intoxicating liquor. What precisely transpired thereafter
has never been judicially litigated and remains in dispute.
Respondent, however, alleges that following his arrest: he
was transported to the King County jail, booked and ad-
vised of his "Miranda" and implied consent rights; he was
then asked to submit to a breathalyzer test, with his response

being that he wished to first consult with his attorney; the arresting officer seemingly interpreted his response as a refusal to submit to the test and left the premises without affording him adequate time to call and consult with his attorney; that within a matter of 5 minutes he did reach his attorney by telephone and offered to take the breathalyzer test, communicating his offer to two deputy sheriffs; his purported offer was not accepted; and, the arresting officer subsequently submitted a report of his failure to take the test to the Department of Motor Vehicles on March 13, 1972.

Acting in accordance with RCW 46.20.308(3) and (4),[1]

[1]"(3) If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, after being informed that his refusal will result in the revocation or denial of his privilege to drive, no test shall be given. The department of motor vehicles, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, shall revoke his license or permit to drive or any nonresident operating privilege. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to review as hereinafter provided." RCW 46.20.308(3).

"(4) Upon revoking the license or permit to drive or the nonresident operating privilege of any person, or upon determining that the issuance of a license or permit shall be denied to the person, as hereinbefore in this section directed, the department shall immediately notify the person involved in writing by personal service or by registered or certified mail of its decision and the grounds therefor, and of his right to a hearing, specifying the steps he must take to obtain a hearing. The person upon receiving such notice may, in writing and within ten days therefrom request a formal hearing. Upon receipt of such request, the department shall afford him an opportunity for a hearing as provided in RCW 46.20.329 and RCW 46.20.332. The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under

the Department of Motor Vehicles revoked respondent's driver's license for a period of 6 months. Upon receipt of notice of the departmental order, respondent requested a formal hearing which was granted. The hearing officer sustained the departmental decision, and the director so ordered. Respondent then exercised his rights under RCW 46.20.308(5)[2] and .334, and filed a notice of appeal in the Superior Court for King County, seeking a de novo review of the revocation order. He thereafter filed a demand for jury trial. The department responded with a motion to strike the demand, which motion on hearing was denied by the trial court. The department then petitioned this court for a writ of certiorari to review the trial court's action. The petition was granted by the Chief Justice.

We affirm the trial court's order denying the department's motion to strike the demand for jury trial and remand for hearing on the merits.

In reaching our conclusion, we look first to the legislative history of our "implied-consent, intoxication-tests" statute and RCW 46.20.334.

*Inter alia,* RCW 46.20.308 was enacted in 1968 as Initiative Measure 242, Laws of 1969, ch. 1, § 1, and thereby added as a new section to RCW 46.20 (drivers' licenses). This section has not been relevantly amended since its enactment. By adding it as a new section to RCW 46.20 and by specific reference in RCW 46.20.308(5), the judicial re-

---

arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive. The department shall order that the revocation or determination that there should be a denial of issuance either be rescinded or sustained. Any decision by the department revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending as herein provided or during the pendency of a subsequent appeal to superior court: *Provided,* That this stay shall be effective only so long as there is no conviction for a moving violation during pendency of the hearing and appeal." RCW 46.20.308(4).

[2] "(5) If the revocation or determination that there should be a denial of issuance is sustained after such a hearing, the person whose license, privilege or permit is so affected shall have the right to file a

view provisions of RCW 46.20.334 were made applicable to administrative revocations of drivers' licenses under RCW 46.20.308.

RCW 46.20.334 provides:

> Any person denied a license or a renewal of a license or whose license has been suspended or revoked by the department except where such suspension or revocation is mandatory under the provisions of this chapter shall have the right within thirty days, after receiving notice of the decision following a formal hearing to file a notice of appeal in the superior court in the county of his residence. The hearing on the appeal hereunder shall be de novo.

This section was introduced into RCW 46.20, in lieu of RCW 46.20.340, which in turn was made applicable only to RCW 46.12 (certificates of ownership and registration) and RCW 46.16 (vehicle licenses), by Laws of 1965, 1st Ex. Sess., ch. 121, § 39. It has not since been relevantly amended. Section 39 was originally introduced as section 42 of Senate Bill 334 and provided:

> Any person denied a renewal of a license or whose license has been suspended or revoked by the department except where such suspension or revocation is mandatory under the provisions of this 1965 amendatory act shall have the right within thirty days, after receiving notice of the director's decision following a formal hearing to *file a petition for review in a superior court in the manner provided for judicial review of contested cases in the administrative procedure act, chapter 34.04 RCW. The scope of review shall be as prescribed in said act.*

(Italics ours.)

It is to be noted that RCW 34.04.130, of the administrative procedure act, which allows for judicial review of contested administrative cases, specifically provides that the review shall be conducted by the court without a jury and shall, in the ordinary situation, be confined to the record

---

petition in the superior court of the county wherein he resides, or, if a nonresident of this state, where the charge arose, to review the final order of revocation or denial by the department in the manner provided in RCW 46.20.334." RCW 46.20.308(5).

made before the administrative agency. RCW 34.04.130(5).[3]

Section 42 of Senate Bill 334 was, however, amended in the Senate on March 5, 1965. The amendment, as stated and adopted, provided:

> On page 22, section 42, line 6, after "file" strike the balance of the section and insert "a notice of appeal in the superior court in the county of his residence. The hearing on the appeal hereunder shall be de novo."

Washington Senate Journal 498 (1965).

■ The effect of the amendment, when read in the light of the stricken language and RCW 34.04.130(5), is threefold. First, it substitutes a direct "notice of appeal" for a "petition for review" procedure in providing for superior court review, thus suggesting judicial review as a matter of right rather than as a matter of possible judicial discretion. Second, it eliminates the restriction of a review "confined to the record" made before the department, as well as the limitations of RCW 34.04.130(6),[4] and in lieu thereof directs a de novo hearing. Third, it removes the requirement that the review be "conducted by the court without a jury."

Unfortunately, we do not have available a record of the

---

[3] "(5) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. The court shall, upon request, hear oral argument and receive written briefs." RCW 34.04.130(5).

[4] "(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(a) in violation of constitutional provisions; or

"(b) in excess of the statutory authority or jurisdiction of the agency; or

"(c) made upon unlawful procedure; or

"(d) affected by other error of law; or

"(e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or

"(f) arbitrary or capricious." RCW 34.04.130(6).

floor debate occurring in the Senate preceding the adoption of the amendment. It is, nonetheless, reasonable to infer from the threefold impact of the amendment, that in adopting and preserving it, the legislature intended, among other possible intendments, to assure a new, fresh, and independent evidentiary and fact-finding exploration by the superior court of the relevant issues involved in a contested proceeding. This view, of course, suggests, in resolving the question of whether a jury trial is allowable, a broad and favorable interpretation of the concept of de novo hearings in connection with contested situations involved under RCW 46.20.334.

We are not content, however, to rest our ultimate conclusion that jury trials are permissible under RCW 46.20.334 upon legislative history alone. Rather, we turn next to the meaning of de novo as it pertains to judicial review of administrative agency decisions at the trial court level. We have taken note of and have held that, generally speaking, the term "de novo" means " '[a]new; afresh; a second time.' " *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 32, 385 P.2d 367 (1963). We have likewise observed and held that the scope, nature and extent of a superior court de novo review of an administrative order or decision may vary or fluctuate with the function of the administrative body involved or with the subject matter of the review, as well as with such restraints as may validly be imposed by the legislature. *Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 269 P.2d 563 (1954). And, finally, in the context of a statute (RCW 46.20.340, the forerunner of RCW 46.20.334) permitting an evidentiary hearing in a superior court review of a summary administrative revocation, or suspension, of a motor vehicle driver's license, we have held that such administrative action was essentially of a judicial or quasi-judicial nature, and that the subject matter, *i.e.*, the possession of a motor vehicle operator's license, was of sufficient dignity and value to bring into play due process notions, which deserved and entitled the licensee to a "full" de novo hearing in the superior court. *Gnecchi v.*

*State,* 58 Wn.2d 467, 364 P.2d 225 (1961); *Ledgering v. State,* 63 Wn.2d 94, 385 P.2d 522 (1963). Although we appreciate the fact that the interposition of a formal administrative hearing, before a departmental hearing board or referee, tends to weaken somewhat the total impact of *Gnecchi* and *Ledgering* upon the procedural situation here involved, we nevertheless view the absence of legislative restraints in RCW 46.20.334 upon the type of contested de novo hearings contemplated as indicative of a full and independent judicial, evidentiary, and factual review embracing, on appropriate demand, a jury trial.

Our view in this respect is further buttressed by the fact that the mixed fact and law questions and disputable issues revolving about an administrative decision of revocation, suspension, cancellation, or refusal of a motor vehicle driver's license are limited and relatively uncomplicated. Likewise, the result flowing from a given resolution of the relevant and disputable issues is direct and reasonably certain. On the average, resolution of the issues and the ensuing result does not require the exercise of that degree of administrative experience and expertise as is demanded and projected into such administrative or regulatory areas as the utility, banking, tax, ecology, or professional fields. In an implied-consent, revocation situation, for example, the questions to be resolved, if contested by the licensee, and the result to follow are defined and restricted by statute. They are: (a) whether the enforcement officer had reasonable grounds to believe the licensee had been driving or was in actual physical control of a motor vehicle on a public highway while under the influence of intoxicating liquor; (b) whether the licensee was placed under arrest; (c) whether the licensee was fully advised and warned of implied consent rights and consequences; and (d) whether he refused the officer's request that he submit to a chemical test of his breath to determine the degree, if any, of intoxication. Should these issues, where disputed, be resolved adversely to the licensee, his license must be revoked. If not, his license cannot be revoked under the implied con-

sent law. *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971); *State v. Womack,* 82 Wn.2d 382, 510 P.2d 1133 (1973); *Nowell v. Department of Motor Vehicles,* 83 Wn.2d 121, 516 P.2d 205 (1973). Due consideration being given to the limited relevant evidentiary range, we perceive no practical or plausible reason why a jury, properly instructed, could not readily and judiciously resolve any or all of the foregoing questions.

The department, in seeking a reversal of the trial court's order permitting a jury trial in the instant proceeding, relies principally upon *State Bd. of Medical Examiners v. Macy,* 92 Wash. 614, 159 P. 801 (1916), and *Brandon v. Webb,* 23 Wn.2d 155, 160 P.2d 529 (1945), both of which, under the circumstances, denied a right to a jury trial. The *Macy* case involved an appeal to a superior court from a disciplinary proceeding against an osteopathic physician. The issues revolved about the ethical standards of that profession. *Brandon* was a habeas corpus proceeding concerned with a guilty plea to murder in the second degree. Both cases turned to some degree upon whether Const. art. 1, § 21, mandated a jury trial in the given situation.

We find both cases clearly distinguishable and conclude that neither the issues nor the ratio decidendi involved require or compel a like disposition in the instant case.

The order of the trial court is, accordingly, affirmed. The cause is remanded for further proceedings.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.