[No. 929-3.   Division Three.   March 18, 1975.]

JACK LINES, *Appellant*, v. YAKIMA SCHOOL DISTRICT No. 7., *Respondent*.

*David M. Shelton* (of *MacDonald, Hoague & Bayless*), for appellant.

*Jerry D. Talbott* (of *Willis, McArdle & Dohn*) and *Alan A. McDonald* (of *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl & Almon*), for respondent.

McInturff, C.J.—Issues: Does a discharged teacher have a right to a trial by jury, and is there sufficient cause to justify discharge? We answer both in the affirmative. Plaintiff, a music teacher employed by defendant school district, was discharged during the 1972-73 school year for physically abusing students. During the preceding school year plaintiff had been placed on probation for similar acts of physical abuse and was expressly instructed not to maltreat students.

On September 20, 1972, plaintiff pushed a student, and on October 4, 1972, he struck a student a substantial blow. A hearing was held before the school board and it was found that sufficient cause for discharge existed based on the acts of September 20 and October 4. The plaintiff appealed to the superior court and timely demanded a trial by jury. It was denied. The court, sitting without a jury, found that the incident of September 20 was more of a pushing nature and not sufficient cause for discharge, but that the incident on October 4 was sufficient cause since he was in violation

of WAC 180-44-020(1), school policy No. 5114, and RCW 28A.87.140.[1] ██ ██ The right to a trial by jury is a valuable right and has been held to be that right which existed at common law at the time of the adoption of the constitution,[2] except in actions considered equitable in nature.[3] In fact, early cases,[4] and even a recent case[5] involving the discharge of teachers indicate that these cases were tried to a jury or a jury was waived.

Plaintiff contends that the action is for breach of contract; that the right of trial by jury existed at common law,

---

[1]RCW 28A.87.140 provides in relevant part:
"Any teacher who shall maltreat or abuse any pupil by administering any unreasonable punishment, or who shall inflict punishment on the head of a pupil, upon conviction thereof shall be guilty of a misdemeanor, . . ."

[2]Article 1, section 21 of the Washington State Constitution provides that: "[t]he right of trial by jury shall remain inviolate . . . " *Watkins v. Siler Logging Co.*, 9 Wn.2d 703, 710, 116 P.2d 315 (1941); *Scavenius v. Manchester Port Dist.*, 2 Wn. App. 126, 128, 467 P.2d 372 (1970).

CR 38(a) provides: "The right of trial by jury as declared by Article 1 § 21 of the Constitution or as given by a statute shall be preserved to the parties inviolate." RCW 4.44.095 provides that either party has the right in an action at law where there are issues of fact to demand a jury trial. *Dexter Horton Bldg. Co. v. King County*, 10 Wn.2d 186, 190, 116 P.2d 507 (1941); 2 L. Orland, Wash. Prac. § 191, at 205 (1972).

[3]In cases involving both legal and equitable issues, the trial court is vested with wide discretion in determining whether to allow a jury on some or all of the issues presented. *Thompson v. Butler*, 4 Wn. App. 452, 454, 482 P.2d 791 (1971); *Scavenius v. Manchester Port Dist.*, supra at 128-29; see discussion in James, *Right to a Jury Trial in Civil Actions*, 72 Yale L.J. 655, 692-93 (1963); see also Trautman, *Right to Jury Trial in Washington—Present and Future*, 34 Wash. L. Rev. 401, 403 (1959); Note, 6 Gonzaga L. Rev. 111, 115 (1970).

[4]*Fitzgerald v. School Dist. 20*, 5 Wash. 112, 31 P. 427 (1892); *Splaine v. School Dist. 122*, 20 Wash. 74, 54 P. 766 (1898); *Kennedy v. School Dist. 1*, 20 Wash. 399, 55 P. 567 (1898); *Trumbull v. School Dist. 7*, 22 Wash. 631, 61 P. 714 (1900).

[5]*Daly v. Shelton School Dist. 309*, 3 Wn. App. 348, 475 P.2d 897 (1970) (a jury was empaneled and the trial court's dismissal of the plaintiff's cause of action was reversed on the basis that a material fact for the jury remained to be determined).

and that the legislature did not intend to abrogate this right by providing statutorily for a de novo review. Defendant argues that the legislature provided an exclusive statutory remedy doing away with the common-law action; that the thrust of the cause of action is equitable in nature and, therefore, there is no right to trial by jury.

In *Kirk v. Miller*, 83 Wn.2d 777, 781, 522 P.2d 843 (1974), the court held that the relationship between the school board and teacher is "created by contract and governed by general principles of contract law." The right to bring a cause of action for breach of contract as the result of wrongful discharge existed at common law and included right of trial by jury.

■ The plaintiff seeks damages for breach of contract and reinstatement. The equity powers of the court are unnecessary since RCW 28A.58.490 provides for reinstatement automatically if sufficient cause has not been shown for discharge. The primary issue at bench is: Was there sufficient cause for the school board to terminate the plaintiff's contract under the continuing contract law? *See Wojt v. Chimacum School Dist. 49*, 9 Wn. App. 857, 861, 516 P.2d 1099 (1973). Once it is determined that the discharge was wrongful, the sole function of the superior court is to order reinstatement, *see Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 32, 385 P.2d 367 (1963), which is not an issue as there is no discretion in the trial judge involved here. *See Curtis v. Loether*, 415 U.S. 189, 39 L. Ed. 2d 260, 268, 94 S. Ct. 1005 (1974).

Thus, the only question is whether the common-law right of trial by jury arising out of a breach of contract in a teacher discharge setting has been abrogated by statute. We decide in the negative.

RCW 28A.58.480, the statute governing appeals in teacher discharge cases, simply provides: "Any appeal to the superior court by an employee shall be heard de novo by the superior court." The forerunner of RCW 28A.58.480, originally enacted as Laws of 1909, ch. 97, § 6, p. 364, provided:

In decisions of appeal by the Superintendent of Public Instruction and by the board of county commissioners the decision or order shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision.

The earlier statute was construed in *In re Black*, 47 Wn.2d 42, 45, 287 P.2d 96 (1955), where the court stated that on review the issues were limited to questions of law. Thus, there were no facts for a jury to find. It was not until 1961 when RCW 28.58.480 was enacted, granting a trial de novo on appeal to the superior court, that there were questions of fact for the superior court to decide.

Several factors need to be considered to determine whether a teacher or a school district has a right to a trial by jury in an appeal to superior court under RCW 28A.58.480. Legislators are presumed to be familiar with their prior legislation,[6] and new statutory provisions must be viewed in light of prior enactments.[7] The legislature is presumed to be familiar with the judicial construction of the prior statute in *In re Black, supra,*[8] and if material changes are made in the wording of a statute in a reenactment, a change in legislative intent must be presumed.[9]

The historical background of the present statutes, when placed alongside the statutory rules of construction set out above, requires the inference that the legislature intended a new and independent evidentiary and fact-finding trial in the superior court. This, in fact, is supported by the conclusion reached in *Foster v. Carson School Dist. 301, supra*. In *Foster*, the court at page 32 noted that de novo means " '[a]new; afresh; a second time.' "

Support is given to the right of a jury trial in *Department of Motor Vehicles v. Andersen*, 84 Wn.2d 334, 340, 525 P.2d 739 (1974), where the court stated:

---

[6]*Dando v. King County*, 75 Wn.2d 598, 601, 452 P.2d 955 (1969).

[7]*Baker v. Morris*, 84 Wn.2d 804, 809, 529 P.2d 1091 (1974).

[8]*See El Coba Co. Dormitories, Inc. v. Franklin County PUD*, 82 Wn.2d 858, 862, 514 P.2d 524 (1973).

[9]*Dando v. King County, supra* at 601.

we nevertheless view the absence of legislative restraints in RCW 46.20.334 upon the type of contested de novo hearings contemplated as indicative of a full and independent judicial, evidentiary, and factual review embracing, on appropriate demand, a *jury trial.*

(Italics ours.) The instant statute contains no legislative restraint on the right to trial by jury as compared with RCW 28B.16.160 (1) which deals with higher education.

▮▮ In *Department of Motor Vehicles v. Andersen, supra* at 339 the court stated:

We have likewise observed and held that the scope, nature and extent of a superior court de novo review of an administrative order or decision may vary or fluctuate with the function of the administrative body involved or with the subject matter of the review, as well as with such restraints as may validly be imposed by the legislature.

The function of the school board is both administrative and quasi-judicial in nature. *Boyle v. Renton School Dist. 403,* 10 Wn. App. 523, 527, 518 P.2d 221 (1974); *see Foster v. Carson School Dist. 301, supra* at 31. The impact of this decision, particularly where discharge occurs as opposed to nonrenewal for financial reasons, may seriously impair a teacher's possibility in gaining new employment in his profession.[10] Under the continuing contract law a teaching position is of such value as to bring into play enough "due process" notions[11] as to entitle him to a full "de novo" hearing.

Defendant relies on *Department of Motor Vehicles v. Andersen, supra,* for the proposition that jury trials ought to be excluded in the professional field of teaching as the

---

[10]*See Board of Regents v. Roth,* 408 U.S. 564, 574, n.13, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Arnett v. Kennedy,* 416 U.S. 134, 40 L. Ed. 2d 15, 68, 94 S. Ct. 1633 (1974) (dissenting opinion, Marshall, J.)

[11]*See Arnett v. Kennedy,* 416 U.S. 134, 40 L. Ed. 2d 15, 94 S. Ct. 1633 (1974); *Board of Regents v. Roth,* 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Perry v. Sindermann,* 408 U.S. 593, 601, 33 L. Ed. 2d 570, 581, 92 S. Ct. 2694, 2717 (1972); McClintock, *Enterprise Labor and the Developing Law of Employee Job Rights* (pt. 2), 8 Gonzaga L. Rev. 217, 243-44 (1973).

resolution of issues arising out of teacher discharge cases requires a degree of administrative expertise not possessed by juries. We find no merit to defendant's contention that the issues and facts arising from a discharge are too complex for a jury, or require administrative expertise, nor do we find any merit in his argument as to problems with a child witness. *See* Stafford, *The Child as a Witness*, 37 Wash. L. Rev. 303 (1962).

The board of directors of any school district in our state is elected and for the most part are laymen as to the field of education; and it is these laymen who govern our schools. Ordinarily, the initial hearing on discharge is held before the board of directors. Its decision does not require the administrative expertise demanded in such regulatory areas as utility, banking, tax, ecology, or professional fields. Basically, the jury has to decide under proper instructions whether or not the conduct of the teacher provides sufficient cause for discharge. We find no practical or legal reason why a properly instructed jury could not fairly decide the issues involved in a teacher discharge case. We find the plaintiff does have a right to a trial by jury.

Plaintiff's contention that the trier of fact must find that both acts give rise to sufficient cause for discharge as opposed to one act, as found by the court, is without merit. The trial court is limited by the causes specified and must determine which, if any, of those specified causes, are legally sufficient for discharge. *See Wojt v. Chimacum School Dist., supra.*

We find no abuse of discretion in the trial court's award of $1,000 attorney's fee. He proceeded in good faith and was within the purview of RCW 28A.58.490. *Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 128, 524 P.2d 918 (1974).

Judgment of the trial court is reversed and the defendant is ordered to pay the taxable costs in superior court. Additionally, the case is remanded for trial in accordance with

this decision, and for a hearing to determine the amount of reasonable attorney's fees on appeal.

GREEN and MUNSON, JJ., concur.