[No. 36619. Department One. October 3, 1963.]

HARRY S. FOSTER, *Appellant*, v. CARSON SCHOOL DISTRICT No. 301, SKAMANIA COUNTY, *Respondent*.*

*Donald J. Horowitz*, for appellant.

ROSELLINI, J.—This case involves teacher tenure rights. RCW 28.58.450 provides:

"Every board of directors determining that there is probable cause for the discharge of a teacher . . . shall notify such employee of its decision, which notification shall specify the probable cause for discharge. Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors of the district within ten days after receiving such notice, be granted opportunity for hearing before the board of directors of the district, to determine whether or not there is cause for discharge. The board upon receipt of

*Reported in 385 P. (2d) 367.

such request shall call the hearing to be held within ten days following the receipt of such request, and shall at least three days prior to the date fixed for the hearing notify such employee in writing of the date, time and place of the hearing. The employee may engage such counsel and produce such witnesses as he or she may desire. The board of directors shall within five days following the conclusion of such hearing notify such employee in writing of its final decision. Any decision to discharge such employee shall be based solely upon the cause for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause for discharge.

"In the event such notice and opportunity for hearing is not timely given by the district, or in the event cause for discharge is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged for the duration of his or her contract.

"If such employee does not request a hearing as provided herein, such employee shall be discharged. [1961 c 241 §2.]"

RCW 28.58.460 provides:

"Any teacher . . . desiring to appeal from any action or failure to act upon the part of a school board relating to the discharge . . . may, within thirty days after his receipt of such decision or order serve upon the clerk of the school board and file with the clerk of the superior court in the county in which the school district is located a notice of appeal which shall also set forth in a clear and concise manner the errors complained of. [1961 c. 241 §3.]"

The appellant was employed as a teacher by the respondent school district under a contract of employment for the school year 1961-1962. On January 12, 1962, he was personally served with a letter signed by the secretary of the board of directors of the school district, stating that at a regular meeting of the board it was unanimously agreed by resolution to discharge him. The letter set forth the "grounds for dismissal" after stating:

"Your dismissal shall be effective immediately, and you are requested to return to Mr. William F. Shelley, Principal of the Carson Elementary School, the keys, class room grade book and class plan book now in your possession."

Within 30 days after receipt of this notice, the appellant appealed to the superior court, claiming that the board had erred in discharging him unconditionally without giving him notice of probable cause and an opportunity to be heard.

The appeal was heard upon affidavits, and the trial court determined that the board had acted without authority when it purported to discharge the appellant without giving him 10 days' notice of its intention. The court further held, however, that since the discharge was a nullity, the appellant should have disregarded the language purporting to notify him of his discharge and should have requested a hearing within 10 days in spite of it. Consequently, the trial court held, the appellant failed to exhaust his administrative remedy, and the discharge became effective 10 days after the letter of notification. The court ruled that the school district should pay the appellant his salary for that 10-day period only.

In effect, the trial court held that the respondent had complied with the requirements of the statute. The appellant correctly contends that the court erred in this determination.

The statute expressly provides that if notice of probable cause and an opportunity for hearing is not timely given, a teacher shall not be discharged for the *duration* of his or her contract. It was the evident intention of the legislature to protect employees of school districts from arbitrary dismissals such as that which was attempted in this case, and it is also evident that the legislature determined that the only effective way to afford this protection was to require school boards to give an opportunity to present evidence and argument before making a decision to discharge a teacher.

 Where a school board has discharged a teacher without giving him timely notice, the teacher has a right of appeal to the superior court. There is no requirement that he request the board to reconsider its decision before taking his appeal. In omitting such a requirement, the legislature may well have had in mind the fact that it is more difficult to persuade a decision-making body to change its

determination after a decision has been made and announced, than it is to convince it of the correctness of one's position before a judgment is rendered. It is difficult to imagine, in this case, that by requesting the board to reconsider its decision and grant him a hearing, the appellant would have obtained the attention of an unprejudiced forum.

The statute is clear and unambiguous. If a board attempts to discharge a teacher without giving him notice of its finding of probable cause and an opportunity to request a hearing 10 days before his discharge becomes effective, "such employee shall not be discharged for the duration of his or her contract."

█ RCW 28.58.480 provides that any appeal shall be heard de novo in the superior court. "De novo" is defined in Black's Law Dictionary as follows:

"Anew; afresh; a second time. Archer v. High, 193 Miss. 361, 9 So. 2d 647, 648; Duncan v. Mack, 59 Ariz. 36, 122 P. 2d 215, 217. A *venire de novo* is a writ for summoning a jury for the second trial of a case which has been sent back from above for a new trial. Slaughter v. Martin, 9 Ala. App. 285, 63 So. 689, 690; Parker v. Lewis, 45 Okl. 807, 147 P. 310, 311."

Webster's new Twentieth Century Unabridged Dictionary, 2d ed., defines it as "Anew; once more; again."

Plainly, there cannot be a hearing "de novo" if there has not been an original hearing. This provision of RCW 28.58-.480 is therefore inapplicable in a case such as this where there has not been an original hearing, and the statute (RCW 28.58.450) directs that, because of the lack of notice *and* opportunity for hearing, the teacher shall not be discharged for the remainder of his term. The only function of the superior court, in such a case, once it has determined that the notice was not timely given, is to order the payment of the appropriate damages.

RCW 28.58.450 is in harmony with RCW 28.67.070, which provides that where notice of an intention not to renew a teacher's contract is not given prior to a specified date,

followed by an opportunity for hearing, the teacher's contract shall be *conclusively* presumed to have been renewed.

These provisions do not purport to limit the power of the issuing officer to revoke a teacher's certificate in a proper case. The procedure for such revocation is found in RCW 28.70.160, which provides:

"Any certificate to teach may be revoked by the issuing officer upon complaint of any superintendent for immorality, violation of written contract, intemperance, crime against the law of the state, or any unprofessional conduct, after the accused has been given an opportunity to be heard. [1909 p 345 §1 . . . ]"

Neither do they purport to restrict the power of the directors to suspend a teacher pending a hearing, provided his salary is not interrupted.

The judgment is reversed and the cause remanded, with directions to assess the appellant's damages.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.