[No. 39476.    Department One.    June 13, 1968.]

JAMES CUDDY, *Appellant,* v. THE STATE DEPARTMENT OF PUBLIC ASSISTANCE, *Respondent.*\*

\*Reported in 442 P.2d 617.

*Delay & Curran, J. Donald Curran,* and *Neill E. Johnson,* for appellant.

*The Attorney General* and *Walter E. White, Assistant,* for respondent.

WEAVER, J.—This is an appeal by James Cuddy, a welfare recipient, from a judgment of the Superior Court for Spokane County affirming a decision and order of the Director of the Department of Public Assistance.

Appellant is a 29-year-old epileptic with speech and hearing defects. He is classified by the department as disabled and eligible to receive welfare benefits. Prior to the present controversy, appellant's disability benefits included a $55-per-month rent allowance for an apartment.

The Spokane office of the Department of Public Assistance determined that appellant had changed his place of residence from an apartment at 1120 Second Avenue, Spokane, owned by his aunt, Mrs. Florence E. Cuddy, to his aunt's residence at West 506 Hawley Place, where he also ate most of his meals. January, 1966, appellant was notified that his public assistance grant was changed from a "rent" allowance to a "board and room" allowance, effective February, 1966. It was further determined that appellant had been overpaid $267.40 for the months of June, 1965, through January, 1966, and his welfare allowance was reduced $8.91 per month until the overpayment had been eliminated.

Pursuant to RCW 74.08.070, appellant requested a hearing by the department. The hearing was held February 8, 1966.

February 17, 1966, after a review of the entire record, the director affirmed the decision of the Spokane office.

The most succinct statement of the reason for the reduction of appellant's public assistance allowance is found in the conclusion of the director's decision and order:

There is little doubt that appellant lives with his aunt. He refers to her home as his home and her address appears on his voting records. On the other hand, there is

nothing conclusive to show that he "lives" at 1120 Second Avenue. While he may go there occasionally, he obviously does not maintain the apartment in the ordinary sense of living there.

Appellant then sought review of the director's decision by an appeal to the superior court, pursuant to RCW 74.08.080, which requires that "the court shall decide the case on the record." The statute further provides that:

The court may affirm the decision of the director or modify or reverse any decision of the director where it finds the director has acted arbitrarily, capriciously, or contrary to law . . . . (RCW 74.08.080)

The superior court entered findings of fact and concluded, as a matter of law, that:

the Decision of the Director was supported by substantial evidence and the Director did not act arbitrary, [*sic*] capricious nor contrary to law.

The principal thrust of appellant's argument in support of his four assignments of error is that appellant did not receive a "fair hearing" before the Department of Public Assistance.

■ A "fair hearing" is required by the due process provisions of the United States and the Washington State Constitutions. The constitutional elements of procedural due process, and thus of a fair hearing, are: notice; an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case; an opportunity to know the claims of opposing parties and to meet them; and a reasonable time for preparation of one's case. *In re Messmer*, 52 Wn.2d 510, 326 P.2d 1004 (1958).

These constitutional principles are incorporated in RCW 74.08.070, which provides for an administrative hearing to review the department's decision. The statute provides: a welfare recipient is entitled to a "fair hearing" in the county in which he resides if he feels himself aggrieved by a decision of the department; a written transcript is to be made of the hearing and is to be available to the appellant;

hearings are to be scheduled no later than 30 days after notice of appeal is filed by a recipient, and notice of the hearing date must be served upon the appellant no later than 5 days prior to the date of hearing; appellant or his counsel may examine any files and records of the department prior to the hearing; notification of the director's decision is to be given no later than 30 days after conclusion of the hearing.

A comparison of the record of appellant's hearing with the constitutional and statutory requirements of a fair hearing, reveals no basis for us to decide, as a matter of law, that appellant did not receive a "fair hearing." The hearing held satisfies the due process requirements of both constitutions and of RCW 74.08.070.

Neither appellant nor the department was represented by legal counsel at the hearing. Had they been, the record, undoubtedly, would be more precise—but the sole question was a limited one. Was appellant living in an apartment or was he living with his aunt, Mrs. Florence E. Cuddy? Mrs. Cuddy, who was present at the hearing and who testified at length, was well acquainted with the facts and the issue. It was she who rented the apartment to appellant; and it was she, in fact, with whom appellant was found to be living. The hearing examiner exhibited a willingness to explain or clarify any portion of the hearing proceedings that appellant or Mrs. Cuddy did not understand.

RCW 74.08.080 provides, among other things:

> The findings of the director as to the facts shall be conclusive unless the court determines that the evidence in the record preponderates against such findings.

In his memorandum opinion the trial judge stated:

> after reading and rereading the record of the hearing it is my conclusion that there is substantial evidence to support the position of the examiner and he did not act arbitrarily, capriciously or contrary to law. Although it is difficult to segregate from the record all of the answers and conversations which were irrelevant to the issues of the hearing, nevertheless when one takes the necessary pains to do so it is apparent sufficient facts are estab-

lished from the testimony which support the decision of the examiner [*sic*] [director].

The judgment is affirmed.

FINLEY, C. J., ROSELLINI, HALE, and McGOVERN, JJ., concur.