[No. 799-3.    Division Three.    December 19, 1973.]

WILMA I. HILL, *Respondent*, v. DAYTON SCHOOL DISTRICT No. 2 *et al., Appellants.*

*Albert J. Golden* (of *Golden & Archer*) and *H. N. Woolson,* for appellants.

*John S. Biggs* (of *Reese & Mitchell*), for respondent.

EVANS, J.*—Defendant Dayton School District No. 2 appeals from a judgment for plaintiff Wilma I. Hill, under the terms of which it was ordered that Mrs. Hill's teaching contract in the Dayton School District be reinstated for the remainder of the 1972-73 school year, that the school district pay to plaintiff all monies due her under the 1972-73 teaching contract, and that defendant pay the sum of $1,381 in attorney's fees and costs as a statutory award to plaintiff's attorney.

In April of 1972 voters in the Dayton School District No. 2 defeated a special school levy. Because of the levy defeat, the Dayton School Board on April 12, 1972, determined that the teaching staff had to be reduced and selected plaintiff as one teacher whose contract would not be renewed for the 1972-73 year. Pursuant to that decision, notice of nonrenewal was served upon plaintiff Hill on April 13, 1972. That notice read as follows:

> Action taken by the Board of Directors of Dayton School District #2 at a special session, April 12, 1972 is as follows:
> Due to the decrease in enrollment in our school and due to the lack of funds because of levy failure, your position as a Teacher or advisor of Business Ed. & English must be eliminated for next year.
> If, at a later date, it becomes evident that funds are available to reestablish this department, you will be given the first opportunity for reemployment. The date

*Judge Hugh H. Evans is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

for the second attempt for a special levy election has been set by the County Auditor for May 25.

The notice gave no opportunity for hearing and mentioned no standards or guidelines for staff reduction. *See Thayer v. Anacortes School Dist.,* 81 Wn.2d 709, 504 P.2d 1130 (1972), regarding seniority as a factor to be considered when reducing staff.

In lieu of requesting a hearing before the school board of directors pursuant to the provisions of RCW 28A.67.070, plaintiff, on April 21, 1972, appealed from the notice of nonrenewal directly to superior court pursuant to RCW 28A.58.515. After hearing testimony and considering affidavits, school board minutes, written briefs and oral arguments of counsel, the trial court entered judgment in favor of plaintiff. Mrs. Hill's contract was thereupon reinstated for the 1972-73 school year and statutorily authorized costs were awarded to plaintiff. The trial court found that the notice served on plaintiff on April 13, 1972, was not a notice of probable cause as required by RCW 28A.67.070, but instead was a notice of termination which shows that, as of that date, the defendant school district and its officers had already made a final determination that the plaintiff would not be renewed for the 1972-73 school year. The court concluded RCW 28A.67.070 had been violated and the plaintiff had been denied an opportunity for a probable cause hearing. Her contract was thereupon conclusively presumed to be renewed. The court held that *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 385 P.2d 367 (1963), was controlling. From this determination defendants appeal.

Defendants primarily contend the requirements set forth in RCW 28A.67.070 with respect to notice of nonrenewal of a teaching contract were in fact complied with. Defendants also assert that *Foster* does not apply in the instant case. We disagree with both contentions.

The pertinent parts of RCW 28A.67.070 for the purpose of this appeal read as follows:

Every board of directors *determining that there is probable cause or causes that the employment contract of an employee should not be renewed* by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of the board of directors, which notification shall specify the cause or causes for nonrenewal of contract. . . . Every such employee so notified, at his or her request made in writing and filed with the chairman or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing before the board of directors of the district, *to determine whether or not the facts constitute sufficient cause or causes for nonrenewal of contract.* . . . The board of directors, within five days following the conclusion of such hearing, shall notify the employee in writing of its final decision either to renew or not to renew the employment of the employee for the next ensuing term. *Any decision not to renew such employment contract shall be based solely upon the cause or causes for nonrenewal specified in the notice of probable cause* to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause or causes for nonrenewal. If any such notification or opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term.

(Italics ours.)

The above-quoted language of RCW 28A.67.070 clearly shows that the notice of nonrenewal to be sent to teachers must be a notice of probable cause; only after an opportunity for a hearing is accorded and a hearing, if requested, is granted, can the board of directors make its final decision either to renew or not to renew the employment of the employee. The notice of nonrenewal served upon Mrs. Wilma Hill was clearly not a notice of probable cause, but in fact, was a notice of a final decision to terminate her employment. This denied Mrs. Hill a proper prob-

able cause notice and an opportunity for a hearing before the board with respect to the sufficiency of the cause or causes for nonrenewal of contract. For this reason Mrs. Hill's contract was properly deemed renewed for the 1972-73 school year under the express language of RCW 28A.67.070.

We are of the opinion that the reasoning of *Foster v. Carson School Dist. 301, supra,* applies to a nonrenewal of contract situation and dictates this result. In *Foster,* the appellant was a teacher employed by the respondent school district under a contract of employment. On January 12, 1962, he was served with a letter which stated that at a regular meeting of the board it was unanimously agreed by resolution to discharge him. The letter also told the appellant that his discharge was to be effective immediately. The statute which at that time set forth the procedural requirements for discharge of a teacher was RCW 28.58.450, the pertinent parts of which provided as follows:

> Every board of directors determining *that there is probable cause for the discharge* of a teacher, . . . shall notify such employee of its decision, which notification shall specify the probable cause for discharge. Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors of the district within ten days after receiving such notice, be granted opportunity for hearing before the board of directors of the district, to determine whether or not there is cause for discharge. . . . The board of directors shall within five days following the conclusion of such hearing notify such employee in writing of its final decision. *Any decision to discharge such employee shall be based solely upon the cause for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause for discharge.*
> In the event such notice and opportunity for hearing is not timely given by the district, or in the event cause for discharge is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged for the duration of his or her contract.

(Italics ours.)

The court held that statute required a notice of probable cause and an opportunity for hearing before the board could make a final decision to discharge a teacher. Since those requirements were not met by the notice given to Foster, it was held that he could not be discharged for the duration of his contract.

We believe the same requirements of (1) notice of probable cause, and (2) an opportunity to be heard required by *Foster*, and RCW 28A.58.450 are required when a teacher's contract is not to be renewed under what is now RCW 28A.67.070. The language of the two statutes, one dealing with discharge and one with nonrenewal, is nearly identical. In discussing RCW 28.58.450, the court in *Foster* noted that the evident intention of the legislature was to protect employees of school districts from arbitrary dismissals. The same reasoning applies with respect to potentially arbitrary contract nonrenewals. There is every reason to believe the legislature intended similar procedural protections to emanate from almost identically-drafted statutes. In this context it is to be noted that the probable cause language found in RCW 28.58.450 at the time *Foster* was written was not added to what is now RCW 28A.67.070 until after the *Foster* decision. (Laws of 1969, 1st Ex. Sess., ch. 34, § 12, pp. 582-83.) This is further indication that the requirements of notice of probable cause and an opportunity to be heard were intended to be accorded to teachers who faced the possibility of nonrenewal of their employment contract.

■ Defendants also argue that, because Mrs. Hill elected to proceed according to RCW 28A.58.515 and thereby appeal directly to the superior court, rather than requesting a hearing before the board of directors of the school district, she did receive an opportunity to be heard before an unprejudiced forum. This argument, while persuasive on the surface, overlooks the basic fact that Mrs. Hill was not first given proper notice of probable cause, setting forth reasonable standards or guidelines to be applied to a staff reduction. In *Foster* the court stated that, once it is determined that the teacher being dismissed was

denied a notice of probable cause and an opportunity for hearing, the only function of the superior court is to order the payment of appropriate damages. We hold the same is true in a nonrenewal situation.

■ Finally, defendants contend that the trial court erred in granting attorney's fees and costs to the plaintiff. It is asserted that the attorney for plaintiff was not in fact employed by the plaintiff, but instead was employed by the Washington Education Association, and that since RCW 28A.58.490 only allows the court to award to an employee a reasonable attorney's fee plus taxable costs, the granting of attorney's fees was beyond the court's power.

Under RCW 28A.58.490 the court in its discretion may award to an employee a reasonable attorney's fee, together with his taxable costs in the superior court. It is undisputed that plaintiff's attorney was employed by the Washington Education Association and that plaintiff herself was a member of that association. It is fair to assume that she paid dues to that organization, and those dues went partially to cover potential legal expenses. In this situation it cannot be said that the trial court abused its discretion in awarding attorney's fees.

Judgment affirmed.

Green, C.J., and Munson, J., concur.

Petition for rehearing denied February 4, 1974.

Review granted by Supreme Court March 21, 1974.