[No. 721-3.     Division Three.     February 8, 1974.]

FLORA WILLIAMS, *Appellant*, v. BOARD OF DIRECTORS OF ENDICOTT SCHOOL DISTRICT 308, *Respondent*.

*Richard J. Schroeder* (of *Dellwo, Rudolf & Schroeder*), for appellant.

*Wallis W. Friel* (of *Irwin, Friel & Myklebust*), for respondent.

McINTURFF, J.—Plaintiff appeals from the judgment of the trial court upholding the actions of defendant in nonrenewing plaintiff's teaching contract for the 1972-73 school year.

Plaintiff was employed by defendant school district as a teacher of the second grade during the 1971-72 school year, and had taught in the district for 17 years. At the school board meeting held July 12, 1971, the board determined, because of a decline in enrollment, that it would be necessary to combine grades two and three for the 1972-73 school year. On March 13, 1972, the school board decided not to renew plaintiff's teaching contract for the coming school year because grades two and three were being combined. Two days later plaintiff was given written notice of the board's decision not to renew her contract, with the above reasons stated for nonrenewal. Plaintiff, pursuant to this notice, gave timely request in writing for a hearing before the board of directors on the nonrenewal. This hearing was held and written notice of defendant's final decision not to renew plaintiff's contract was mailed to plaintiff by certified mail, return receipt requested, on April 5, 1972. Plaintiff then appealed to superior court.

The trial court found that defendant had complied with all statutory requirements regarding notice and opportunity for a hearing in connection with the board's decision. The court further found that the defendant's decision not to renew plaintiff's contract was based upon a valid reason, *i.e.*, the elimination of one teaching position due to the consolidation of grades two and three, and on September 8, 1972, entered an order denying plaintiff's motion for a summary judgment and dismissed her appeal. It should be noted that the only reason stated in the notice of nonre-

newal dated March 15, 1972, was that one teaching position was being eliminated due to the consolidation of grades two and three.

Plaintiff argues that the notice of nonrenewal dated March 15, 1972, was insufficient because it was so general that it did not give plaintiff adequate notice of the causes for nonrenewal, denying plaintiff an opportunity to prepare for argument before the board. Further, it is contended this notice denied plaintiff the opportunity for a fair hearing, and constituted a denial of due process of law.

In *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963), the court held that where a school board, under RCW 28.58.450, discharges a teacher without first notifying him of findings of probable cause and providing an opportunity for hearing, the discharge was defective and the employee was entitled to reinstatement. In *Hill v. Dayton School Dist. 2*, 10 Wn. App. 251, 256, 517 P.2d 223 (1973), the court held the requirements of *Foster* apply to nonrenewals under RCW 28A.67.070 by stating:

> We believe the same requirements of (1) notice of probable cause, and (2) an opportunity to be heard required by *Foster*, and RCW 28A.58.450 are required when a teacher's contract is not to be renewed under what is now RCW 28A.67.070. The language of the two statutes, one dealing with discharge and one with nonrenewal, is nearly identical. In discussing RCW 28.58.450, the court in *Foster* noted that the evident intention of the legislature was to protect employees of school districts from arbitrary dismissals. The same reasoning applies with respect to potentially arbitrary contract nonrenewals. There is every reason to believe the legislature intended similar procedural protections to emanate from almost identically-drafted statutes. In this context it is to be noted that the probable cause language found in RCW 28.58.450 at the time *Foster* was written was not added to what is now RCW 28A.67.070 until after the *Foster* decision. (Laws of 1969, 1st Ex. Sess., ch. 34, § 12, pp. 582-83.) This is further indication that the requirements of notice of probable cause and an opportunity to be heard were intended to be accorded to teachers who faced the possibility of nonrenewal of their employment contract.

RCW 28A.67.070 provides in pertinent part:

> Every board of directors determining that there *is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term* shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of the board of directors, *which notification shall specify the cause or causes for nonrenewal of contract. . . .* Every such employee so notified, at his or her request made in writing and filed with the chairman or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing before the board of directors of the district, to determine whether or not the facts constitute *sufficient cause or causes for nonrenewal of contract. . . . Any decision not to renew such employment contract shall be based solely upon the cause or causes for nonrenewal specified in the notice of probable cause to the employee* and established by a preponderance of the evidence at the hearing to be'sufficient cause or causes for nonrenewal. If any such notification or opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term.

(Italics ours.)

Implicit in *Foster* and RCW 28A.67.070 is the requirement that the notice contain a sufficiently explicit statement of the probable cause or causes for the proposed termination or nonrenewal that the individual teacher could reasonably determine what criterion or standards the board will be considering in making its final determination at the hearing. This requirement is fundamental to a fair hearing, and anything less violates due process. *Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970); *Cuddy v. Department of Pub. Assistance,* 74 Wn.2d 17, 442 P.2d 617 (1968); *Rody v. Hollis,* 81 Wn.2d 88, 500 P.2d 97 (1972).

In *Goldberg v. Kelly, supra* at 267-68, the court stated:

"The fundamental requisite of due process of law is the opportunity to be heard." *Grannis* v. *Ordean,* 234 U.S. 385, 394 [58 L. Ed. 1363, 34 S. Ct. 779, 783] (1914). The hearing must be "at a meaningful time and in a meaningful manner." *Armstrong* v. *Manzo,* 380 U.S. 545, 552 [14 L. Ed. 2d 62, 85 S. Ct. 1187, 1191] (1965). In the present context *these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination,* and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.

(Italics ours.)

The court in *Cuddy v. Department of Pub. Assistance, supra* at 19, stated:

A "fair hearing" is required by the due process provisions of the United States and the Washington State Constitutions. The constitutional elements of procedural due process, and thus of a fair hearing, are: notice; an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case; an opportunity to know the claims of opposing parties and to meet them; and a reasonable time for preparation of one's case. *In re Messmer,* 52 Wn.2d 510, 326 P.2d 1004 (1958).

The notice given plaintiff in the present action provided in pertinent part:

You are hereby notified in writing of the decision of the Board of Directors of Endicott School District No. 308, Whitman County, Washington, not to renew your employment for the next ensuing term. The cause for non-renewal is that Grades 2 and 3 will be combined during the next ensuing term under one teacher. This action is due to a decline in enrollment and necessitates reduction of the teaching staff. The Board has decided not to renew your contract and has directed notification to you as required by law.

Apparent from the above notice of nonrenewal is the fact that plaintiff was not notified of any reasonable criterion or guidelines utilized by the board in selecting plaintiff, as a certificated employee within the school district, to be non-

renewed for the ensuing year. This was the critical issue. The failure to set forth reasonable guidelines or criterion upon which the board was to make its final determination constituted a denial of plaintiff's constitutional right to a fair hearing, as guaranteed by the due process provision of the United States and Washington State Constitutions.

■   Plaintiff further argues that the recent case of *Thayer v. Anacortes School Dist.*, 81 Wn.2d 709, 504 P.2d 1130 (1972), requires, where the notice of nonrenewal states the only reason for the board's decision of nonrenewal is necessitated by financial conditions of the district, nonrenewals of certificated employees qualified in the same areas of educational instruction will be determined on the basis of seniority. We agree.

In the present case it is conceded that plaintiff was compared with only one other elementary school teacher in the district. Further, plaintiff had some 18 years seniority in the defendant district, while the teacher with whom she was compared had been teaching for a period of 4 years. In *Thayer* the notice of nonrenewal was also based solely upon the district's necessity to reduce the teaching staff. In *Thayer* the court stated at page 715:

> With seniority as a factor to be considered in the nonrenewal of her teaching contract, plaintiff could rightly assume, therefore, from the notice of nonrenewal, that teachers and librarians junior in tenure to her would be laid off first; she had a correlative right to assume further from the notice of nonrenewal that no librarian junior in tenure to her would be retained. Since the notice did not inform her that she was being dropped while junior librarians were being retained, she was not, under RCW 28.67.070, given *reasonably adequate notice of the reasons for her nonrenewal* and, therefore, was under no duty to appeal under pain of waiver of protest.

(Italics ours.) And at page 717 the court stated:

> There was thus at the time plaintiff received the notice of nonrenewal a statute in effect affording her preferential rights to renewal of her contract as a school librarian, based on her years of continuous service as a certifi-

cated teacher and librarian within the Anacortes school system. To alert her to the necessity of protesting or requesting a hearing under these statutes, the notice of nonrenewal should have stated one way or the other that seniority would be ignored in reducing the teaching staff or library staff because of inadequate funds.[1]

In the present case, since the notice of nonrenewal did not contain reasons or criterion for the nonrenewal, or include a statement as to the consideration to be given seniority, plaintiff could not be nonrenewed under said notice until all similarly classified certificated employees with less seniority had been nonrenewed. *Thayer v. Anacortes School Dist., supra.*

In light of the above, plaintiff's contentions with regard to failure to provide a de novo hearing, and constitutional discrimination based upon age, need not be considered.

The judgment of the trial court is reversed, the plaintiff is reinstated, and the case is remanded for a hearing to determine plaintiff's damages.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied March 14, 1974.

Review denied by Supreme Court May 21, 1974.

---

[1]The court is referring to RCW 28.67.076 (Laws of 1965, 1st Ex. Sess., ch. 49, § 3, p. 1810). This statute in pertinent part was substantially reenacted by RCW 28A.58.100(h) (Laws of 1969, 1st Ex. Sess., ch. 223, § 28A.58.100, pp. 1863, 1865); and it was again substantially reenacted in RCW 28A.58.100 (Laws of 1971, 1st Ex. Sess., ch. 203, § 1, p. 946) with this provision in force at the time plaintiff received the notice of nonrenewal. This provision in pertinent part provides:

> When any teacher or other certificated employee leaves one school district within the state and commences employment with another school district within the state, he shall retain the same seniority, leave benefits and other benefits that he had in his previous position. If the school district to which the person transfers has a different system for computing seniority, leave benefits, and other benefits, then the employee shall be granted the same seniority, leave benefits and other benefits as a person in that district who has similar occupational status and total years of service.