[No. 51121–7.   En Banc.   July 3, 1985.]

THE CITY OF MARYSVILLE, *Respondent,* v. PUGET SOUND AIR POLLUTION CONTROL AGENCY, *Appellant.*

*Rovai, McGoffin, Turner, Larkin & Miller,* by *Keith D. McGoffin,* for appellant.

*James H. Allendoerfer, City Attorney,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The City of Marysville was cited by the Puget Sound Air Pollution Control Agency on charges that odors emanating from the City's sewer lagoon violated the Agency's pollution control regulations. The charges came about as a result of complaints from a family that lived some 250 feet from the City's sewer lagoon. The State Pollution Control Hearings Board conducted a hearing following which it found insufficient evidence of three of the violations but assessed $500 in civil penalties against the City on the remaining two violations.

A petition for judicial review was filed in the Superior Court for Snohomish County.[1] Following a hearing in that court, the remaining two charges were dismissed. The Agency appeals.[2] We affirm the dismissal.

One issue is determinative.

## ISSUE

Did the administrative complaint which the Agency filed against the City give the City due notice of the violations which the Board ultimately found it guilty of having committed?

## DECISION

CONCLUSION. We answer the question posed by this issue in the negative. Although strict rules of pleading do not apply to a contested case under the administrative procedure act, RCW 34.04, the City could not be found guilty of charges which were not brought to its attention either in

[1]RCW 34.04.130.

[2]RCW 34.04.140.

the complaint filed against it or during the administrative hearing. The trial court's dismissal of the charges was, therefore, proper.

The City was cited for various alleged violations of section 9.11(a) of the Agency's Regulation I. Each of the alleged violations was charged in essentially the same language:

You are in violation of Section 9.11(a) of Regulation I, and a fine of $250.00 is assessed against you. The violation is as follows:

On or about [the date of the claimed violation] in Snohomish County, State of Washington, you violated Section 9.11(a) by causing or permitting the emission of an air contaminant or water vapor from the City of Marysville Sewage Lagoon, located approximately ¼ mile south of the City of Marysville at the end of 47th Avenue N.E., that caused detriment to the health, safety or welfare of any person, or caused damage to property or business.

The charges were in the language of Regulation I, § 9.11(a) which at the time read as follows:

It shall be unlawful for any person to cause or permit the emission of an air contaminant or water vapor, including an air contaminant whose emission is not otherwise prohibited by this Regulation, if the air contaminant or water vapor *causes detriment to the health, safety or welfare of any person, or causes damage to property or business.*

(Italics ours.)

The Board's conclusions of law with respect to the two violations it found the City had committed included the following:

*In the instant cases, [the Agency] did not prove injury to human health, plant or animal life, or property.*

(Italics ours.) Board's conclusion of law 2 (part). Thus the Board concluded, in effect, that the City had not violated the regulation it had been charged with violating.

The Board went on, however, and with respect to the two violations here at issue further concluded that the City had

violated the provision of the State's clean air act which prohibits pollution, RCW 70.94, and which defines "air pollution" as follows:

> "Air pollution" is presence in the outdoor atmosphere of one or more air contaminants in sufficient quantities and of such characteristics and duration as is, or is likely to be, injurious to human health, plant or animal life, or property, *or which unreasonably interfere with enjoyment of life and property.*

(Italics ours.) RCW 70.94.030(2). The Board then proceeded to apply the statutory standard of "whether the air pollution unreasonably interferes with enjoyment of life and property"[3] and concluded that odors from the City's sewer lagoon on the two dates in question "were an unreasonable and substantial discomfort and annoyance to persons of ordinary and normal sensibilities."[4]

Regulation I, § 9.11(a) under which the City was charged was subsequently amended by the Board and now reads the same as the statute which the City was found to have violated.[5]

On review before the Superior Court, that court read the transcript of the proceedings before the Board, including the Board's Final Findings of Fact, Conclusions of Law and Order, and also fully considered the briefs and arguments of counsel. The court declared that "[t]he City was not charged or tried on an allegation of 'air pollution' under RCW 70.94.030(2)." Thereupon, it reversed the Board on various bases including that it was "a denial of due process for the City to be found liable by the Board for having

---

[3] Board's conclusion of law 2, at 8.

[4] Board's conclusion of law 2, at 9.

[5] Regulation I § 9.11(a), as amended, now provides:
. "It shall be unlawful for any person to cause or allow the emission of any air contaminant in sufficient quantities and of such characteristics and duration as is, or is likely to be, injurious to human, plant or animal life, or property, or which unreasonably interferes with enjoyment of life and property."

unlawfully caused air pollution pursuant to RCW 70.94-.030(2), when the City was charged and tried under section 9.11(a) of Regulation I for a different offense with different standards for culpability."[6] We agree that the charges were properly dismissed.

As one leading text observes, "[t]he most important fact about pleadings in the administrative process is their unimportance. Agencies still use them, but only for notice purposes."[7] As that same text goes on to make clear, however, the one vital purpose served by an administrative complaint, however informal, is to give the responding party notice of the charges against that party; and that while proof may depart from pleadings and pleadings may be deemed amended to conform to the proof, such is permitted only if undue surprise and prejudice does not thereby result.[8]

The notice requirements pertinent to this case are contained in the administrative procedure act:

(1) In any contested case all parties shall be afforded an opportunity for hearing after not less than twenty days' notice; but no hearing shall be required until the hearing is demanded unless other statutory provisions or agency rules provide otherwise. *The notice shall include*:
(a) A statement of the time, place and nature of the proceeding;
(b) A statement of the legal authority and jurisdiction under which the hearing is to be held;
(c) *A reference to the particular sections of the statutes and rules involved;*
(d) *A short and plain statement of the matters asserted.* If the agency or other party is unable to state the matters in detail at the time the notice is served, the

---

[6]Superior Court's conclusion of law 2.

[7]3 K. Davis, *Administrative Law* § 14:11, at 46 (2d ed. 1980).

[8]K. Davis, at 47. *See Cuddy v. Department of Pub. Assistance,* 74 Wn.2d 17, 19, 442 P.2d 617 (1968).

initial notice may be limited to a statement of the issues involved. Thereafter upon request a more definite and detailed statement shall be furnished.

(Italics ours.) RCW 34.04.090(1).

As Professor Davis explains in his administrative law treatise:

Problems about pleadings are almost entirely about adequacy of notice. When the General Counsel presented to the [National Labor Relations Board] a theory that had not been argued to the [Administrative Law Judge], the court held that "the Board should not have issued an order solely upon the General Counsel's new theory. Due process requires that the Board base its findings against a party only upon matters brought to the party's attention in the complaint or during the administrative hearing, and that are fully litigated." NLRB v. Temple-Estex, Inc., 579 F.2d 932, 936 (5th Cir. 1978).

3 K. Davis, *Administrative Law* § 14:11, at 48 (2d ed. 1980).

In this case the City was charged with violations of a specific administrative regulation and the case was tried before the Board on that theory. Then after the hearing before the Board, and without notice or the opportunity to be heard further, the Board entered its findings, conclusions and order holding that while the City did not violate the specific regulation it had been charged under, it did violate a statute containing a different standard. This is not a case where during the hearing the party charged was apprised of the changed theory or issue and given a reasonable opportunity to prepare and litigate it.[9] Accordingly, the trial court did not err by reversing the Board on this basis.[10]

Having decided this appeal on the basis stated, it is unnecessary to discuss the Agency's remaining assignments of error.

---

[9]*See Cella v. United States,* 208 F.2d 783, 789 (7th Cir. 1953), *cert. denied,* 347 U.S. 1016 (1954).

[10]RCW 34.04.130(6)(a), (c).

Affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.