**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THOMAS A. HARRIS, | ) | No. 80829-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| THE STATE OF WASHINGTON, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Thomas Harris appeals the trial court's order granting summary judgment dismissal. Harris raises only procedural issues. He argues that the State failed to file, serve, and note for hearing its motions in limine in violation of civil rules. He also argues that the trial court erred in ordering the State to refile its motions in limine as CR 12(b)(6) motions to dismiss, recharacterizing those motions as a CR 56 motion for summary judgment, and continuing the trial date accordingly. Finally, Harris argues that the trial court's actions arose to manifest constitutional error by denying him due process. Because the trial court acted within its discretion, and because its actions did not arise to manifest constitutional error, we affirm.

Citations and pin cites are based on the Westlaw online version of the cited material.

I.

On July 20, 2018, Harris sued the Washington State Patrol (WSP) alleging

defamation, libel, and fraud arising from the WSP's publication of the erroneous felony

charges, and their subsequent transmittal to the National Crime Information Center

(NCIC).  Harris alleges the WSP's actions caused his fiancé to leave him.

After unsuccessful cross motions for summary judgment, the trial court entered

amended the case schedule and set trial for August 5, 2019.  The schedule set a

deadline of July 29, 2019 for pretrial matters.  The State filed multiple motions limine on

this deadline.  The State's motions raised three issues for the trial court to determine as

a matter of law.[1]  The State claimed it was shielded from tortious liability by RCW

43.43.833 because its dissemination of information to the NCIC was lawful and

privileged.  Harris responded to the motions in limine, asserting no procedural

violations.

The trial court heard pretrial matters, including the State's motions in limine.  The

court questioned why the State was introducing motions to be decided as a matter of

law as motions in limine:

> Why are [the motions] not coming in as a motion with proper notice and
> asking for hearing such as a motion, you know, for—under Civil Rule 12?
> Why—because this is the concern, is that you did not note the motion.  It's
> not properly noted with [a] hearing request.  And also, they need to be
> argued with—allowing, you know, time for the other side as well.  So why
> do you think these are motions in limine?

---

[1] The State asked that the trial court to determine: (1) that the State was immune from any civil claim based on the lawful dissemination of information under RCW 43.43.833; (2) that the State was not liable under RCW 42.56.060; and (3) that the State had an absolute immunity because they are statutorily required to publish Harris's records.  The second motion is no longer relevant on appeal, as Harris withdrew his claim concerning dissemination of his erroneous records to a business partner.

The court emphasized that, if it were to decide the motions Harris would need an opportunity to respond.

The court ultimately ordered that the State refile part of its motions in limine as CR 12(b)(6) motions to dismiss and scheduled a hearing in order to give Harris a chance to address the issues. The trial court also continued the trial three months to November 2019. Harris did not object to the State refiling the motions, the court scheduling a hearing on the motions, or the continuance of the trial. Harris responded to the CR 12(b)(6) motions, again asserting no procedural violations.

The trial court heard argument on the CR 12(b)(6) motions. Both Harris and the State argued multiple facts during the hearing that were outside the initial pleadings. Harris argued that because the court considered matters outside the pleadings, the CR 12(b)(6) motions should be treated as CR 56 motion for summary judgment:

> THE COURT: All right. I—frankly, the arguments caused more questions than answered any questions at this point, so I will review the records—
>
> [HARRIS]: Your Honor—
>
> THE COURT: —in light of the 12(b)(6), and I will make a written decision. Is there any question?
>
> [HARRIS]: I have one. I was just wondering why the Court didn't automatically mandate this as a summary judgment hearing, because as you mentioned—
>
> THE COURT: You both had a summary judgment hearing.
>
> [HARRIS]: No, I mean, here today?
>
> THE COURT: You had it previously.
>
> [HARRIS]: Right. But according to—in the case law referenced by the defense even where they cited that they in their motion to

> dismiss—the defendant mindfully brought up facts beyond the pleadings. According to the Washington state case law, a motion where matters are outside of pleadings, automatically converts the 12(b)(6) to a motion for summary judgment under CR 56(c).

Harris argued that the court should consider the CR 12(b)(6) motions as CR 56(c) motions instead.

The trial court agreed that the motions should reviewed under CR 56 and granted summary judgment for the State. The court dismissed Harris's claims with prejudice. Harris appeals, raising only procedural issues.

II.

Harris argues that: (1) the State failed to file, serve, and note for hearing its motions in limine in violation of Civil Rule 5(a), (b)(1); 6(a), (d), and 7(b)(1), as well as King County Local Civil Rules 4(a), 7(b)(4)(A), 5(A), and (5)(B)(vi);[2] (2) the trial court erred in ordering the State to refile its motions in limine as CR 12(b)(6) motions to dismiss, ordering the 12(b)(6) motions to dismiss as a CR 56 motion for summary judgment, and continuing Harris's trial date from August 5, 2019 to November 18, 2019; and (3) the trial court's actions arose to manifest constitutional error, denying Harris due process. We disagree.

Because Harris failed to raise his procedural objections before the trial court, RAP 2.5(a) prevents him from raising them for the first time on appeal unless they raise manifest errors affecting a constitutional right. State v. Sullivan, 3 Wn. App. 2d 376, 379, 415 P.3d 1261 (2018) (citing State v. O'Hara, 167 Wn.2d 91, 98, 217 P. 3d 756

---

[2] Harris's citations are not completely accurate. We have attempted to correct them consistent with the rules he references.

(2009)).  To establish that an error is "manifest," the party seeking review must show actual prejudice.  In re Matter of Adoption of K.M.T., 195 Wn. App. 548, 567, 381 P.3d 1210 (2016).  In determining whether an error is practical and identifiable, we must "put [ourselves] in the shoes of the trial court" to ascertain whether, given what was in front of the trial court at the time, it could have corrected the error.  In re Adoption of M.S.M.-P., 181 Wn. App. 301, 325 P.2d 392 (2014).  If manifest constitutional error is established, we must correct it despite a party's failure to raise the error at trial.

"It is consistent with RAP 2.5(a) for a party to raise the issue of denial of procedural due process in a civil case at the appellate level for the first time."  Conner v. Universal Utils., 105 Wn.2d 168, 171, 712 P.2d 849 (1986) (citing Esmieu v. Schrag, 88 Wn.2d 490, 497, 563 P.2d 203 (1977)).  It is thus appropriate we consider Harris's claim that the trial court denied him due process.

The trial court's actions did not deny Harris due process.  Due process requires "an opportunity to know the claims of opposing parties and to meet them; and a reasonable time for preparation of one's case."  Rody v. Hollis, 81 Wn.2d 88, 93, 500 P.2d 97 (1972) (quoting Cuddy v. Dep't of Pub. Assistance, 74 Wn.2d 17, 19, 442 P.2d 617 (1968)).  Here, at no point did Harris receive inadequate notice.  Nor was he denied the opportunity to respond to any proceedings affecting him.  The trial court directed the State to refile its motions in limine as CR 12(b)(6) motions to give Harris an opportunity to respond.  There was a hearing held on these motions, at which point Harris had a chance to argue them.  The court reclassified the motions as a CR 56 motion for summary judgment, partially at Harris's behest.  Harris had reasonable notice of the

proceedings affecting him and the opportunity to respond accordingly. The trial court's proceedings did not violate Harris's due process rights.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Dwyer, J._

_Appelwick, J._