MONSANTOFILS, *Respondent/Cross-Appellant,*
*v.*
GACEK INSURANCE AGENCY, INC. et al,
*Appellants/Cross-Respondents.*
(No. 419-147, SC 25186)

576 P2d 789

Ridgway K. Foley, Jr., Portland, argued the cause for  appellants/cross-respondents.

Gabriel E. Berg, Portland, argued the cause for respondent/cross-appellant.

Before Denecke, Chief Justice, Holman, Howell, Justices, and Gillette, Justice Pro Tempore.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiff brought this action against an insurance agency to recover the losses he sustained when he was involved in an automobile accident with an uninsured motorist and plaintiff had no uninsured motorist coverage. Plaintiff sought damages for breach of an oral contract of insurance or, in the alternative, for negligent failure by the defendants to procure insurance for plaintiff. The facts were greatly disputed at trial. The accounts of the discussions between plaintiff and defendant Smith, the defendant insurance agency's employe, regarding plaintiff's attempt to purchase insurance coverage through defendant were completely contradictory. The case was tried to a jury which found for plaintiff; therefore, we accept the facts as testified to by the plaintiff.

On July 1 plaintiff was notified by his bank that his automobile insurance coverage would expire on July 8. Plaintiff desired to obtain new insurance at a lower rate, and contacted defendant Smith. After several telephone conversations, Smith told plaintiff that she had him on a binder, would finalize coverage as soon as she determined which company would give him the best deal, that plaintiff need not come to her office to sign an application or make any prepayment, and that it was all right for plaintiff to drive because he was covered. Plaintiff called Smith several weeks later and was again reassured that he was covered and payment was not yet required. On August 10, plaintiff was involved in the collision and incurred property damage and personal injuries. When notified of the collision defendants denied that plaintiff had ever been covered. Plaintiff instituted this action. Defendants appeal and we affirm.

■ Defendants first contend that plaintiff cannot recover on an oral contract of insurance because he made no payments on the insurance premium. Defendants argue that plaintiff's failure to pay constitutes a complete defense to plaintiff's action on the contract,

[ 5 ]

citing *Warnock v. Bonneville Gen. Agency,* 271 Or 634, 533 P2d 333 (1975). *Warnock* is not in point. There, the defendant agency secured the insurance and plaintiff agreed to pay the agency which had paid the entire premium. Plaintiff failed to pay the agency when the first installment was due and the agency cancelled the contract. In this case, plaintiff never was requested to make any payment or agreed to make any payment prior to the date of the collision. In a case similar to the instant one, involving an oral binder in which the defense of no consideration was in issue, we stated:

"* * * The jury could have found that there was an implied agreement to pay premiums for the temporary coverage and that the reason plaintiff had not paid a premium was because defendants had not billed him for any charge. * * *." *Clements v. Thornton,* 268 Or 367, 375, 520 P2d 893 (1974).

Plaintiff's failure to pay for the insurance before the accident occurred does not constitute a defense.

■ Defendants next assert that it was error for the trial court to allow plaintiff's negligence count to go to the jury. Defendants argue that plaintiff presented no expert testimony regarding the standard of care in the Oregon insurance industry nor any evidence that defendants breached any duty owed to plaintiff.

The basis of plaintiff's negligence claim is that defendants, acting as plaintiff's agents, represented to plaintiff that they would procure insurance. Defendants thus incurred a duty to plaintiff to provide insurance, which they failed to fulfill. Expert testimony is not required to assist the jury in determining whether defendants' subsequent failure to obtain coverage for plaintiff involved negligence.

The Washington Supreme Court said in a similar case:

"* * * The issue here is simple: Did the agent agree to bind coverage, and did he use reasonable care? While other matters in the field of insurance may require expert aid to help jury deliberation, this is certainly not

an issue of science requiring expert opinion. * * *." *Anderson Feed and Produce Co. v. Moore,* 66 Wash2d 237, 243, 401 P2d 964 (1965).

We conclude that plaintiff was not required to introduce any expert testimony and defendants had a duty which they breached.

■ Plaintiff has cross-appealed from the order of the trial court denying plaintiff attorney fees. Plaintiff appears to base his claim in the alternative: (1) on ORS 743.114, providing for attorney fees in successful actions on insurance policies, and (2) as an element of damages for breach of contract to procure insurance or a negligent failure to procure insurance. He cannot prevail on the second ground. He did not include attorney fees as an element of damages in his complaint. In addition, plaintiff sought attorney fees in the trial court solely under ORS 743.114. He included the claim for fees as costs in his cost bill and stated in the cost bill: "Plaintiff's reasonable attorneys fees as provided for by ORS 743.114."

■ Attorney fees are also not allowable as costs pursuant to ORS 743.114 because the defendant is not an insurer. ORS 743.114 provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

■ The statutory condition for recovery that a proof of loss must be filed with an insurer is strong evidence that the statute only applies to actions against insurers.

The cross-appeal is denied and the judgment for costs and the judgment for damages are affirmed.